41 F.Supp. 366 (1941)
ADLER
v.
CHICAGO & SOUTHERN AIR LINES, Inc.
No. 952.
District Court, E. D. Missouri, E. D.
October 15, 1941.
Meyer Blocher, of St. Louis, Mo., for plaintiff.
H. R. Bolander, Jr., of San Francisco Cal. (Charles Perry Schafer, of St. Louis, Mo., of counsel), for defendant.
Howard C. Westwood, Gerhard A. Gesell, and William DuB. Sheldon, all of Washington, D. C., for amici curiæ.
MOORE, District Judge.
Plaintiff filed this action in the Circuit Court, City of St. Louis, State of Missouri, and it was removed by the defendant to this court. The defendant then moved to dismiss the action on the ground that the complaint failed to state a claim against the defendant upon which relief could be granted.
The only facts before the court are those set forth in the plaintiff's complaint. He alleges that the defendant is a common carrier by air of passengers, and that in its business it transports passengers and their baggage, among other points, between Chicago, Illinois, and St. Louis, Missouri. He further alleges that on January 28, 1941, he arranged with the defendant to reserve for him passage on one of defendant's airplanes from Chicago to St. Louis, and that a reservation was made so to transport him on an airplane scheduled to depart from Chicago at 4 o'clock p. m. on that date; that he arrived at the airport in Chicago in due time and was received by defendant and accepted as a passenger. Plaintiff then alleges that after a certain delay the defendant, at about 5:30 o'clock p. m. on that date, cancelled its scheduled flight, and the plaintiff was required to make other arrangements for his transportation to St. Louis. Plaintiff claims to have been damaged as a result of the defendant's action, and he seeks to recover damages in the total sum of $26,000.
The ground of the defendant's motion is one upon which a motion to dismiss may be based by reason of the provisions of Rule 12 (b) of the Rules of Civil Procedure for United States District Courts, 28 U.S. C.A. following section 723c.
The proposition advanced by the defendant in support of its motion is that under the doctrine of primary jurisdiction the plaintiff has failed to state a claim upon which relief can be granted since he has not alleged that he has exhausted all of his remedies before the Civil Aeronautics Board. This rule or doctrine provides, in effect, that when Congress has created an *367 administrative commission, board or other agency with jurisdiction over and power to regulate some particular field of endeavor, the courts, both state and federal, are without jurisdiction or power to grant relief to any person complaining of any act done or omitted to have been done, if the act or omission is of such a nature as to be within the sphere of regulation of the administrative agency involved, until such time as the person complaining has exhausted his remedies before such administrative body.
The defendant, being a common carrier by air, operates under the jurisdiction of the Civil Aeronautics Board, which was created by the Civil Aeronautics Act of 1938, 52 Stat. 973, 49 U.S.C.A. § 401 et seq.
The doctrine of primary jurisdiction has become a familiar part of the field of federal jurisdiction since it was announced by the United States Supreme Court in the Abilene case. Texas & Pac. Ry. v. Abilene Cotton Oil Co., 1907, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, 9 Ann.Cas. 1075. In that case, the court held that the Interstate Commerce Commission had exclusive jurisdiction to determine the question of the reasonableness of rail rates, and that the courts were without such jurisdiction. Subsequently, the Supreme Court held that the doctrine likewise applied to cases involving the question of whether rail rates were discriminatory (Robinson v. Baltimore & Ohio R. R. Co., 1911, 222 U.S. 506, 32 S.Ct. 114, 56 L.Ed. 288), and cases involving the question of whether the practices of railroads were reasonable. Northern Pacific Ry. Co. v. Solum, 1917, 247 U.S. 477, 38 S.Ct. 550, 62 L.Ed. 1221.
The Supreme Court held in the case of United States Navigation Co. v. Cunard Steamship Co., 1932, 284 U.S. 474, 52 S. Ct. 247, 76 L.Ed. 408, that the doctrine of primary jurisdiction likewise applied in cases involving the practices of steamship companies subject to regulation under the Shipping Act of 1916, 46 U.S.C.A. § 801 et seq. In its decision the Court recognized that the Shipping Act of 1916, in its general scope and purpose, closely parallels the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq.
Just as the Shipping Act of 1916 parallels the Interstate Commerce Act, so does the Civil Aeronautics Act of 1938, in its general scope and purpose, closely parallel both the Interstate Commerce Act and the Shipping Act of 1916. Each act creates an administrative agency, and each gives that agency jurisdiction to regulate a particular type of common carrier, one by land, one by water and one by air. Each commission and board has the power to prescribe reasonable rates, to prevent unjust discrimination and undue preference and prejudice, and to regulate the rules, regulations and practices of the carriers subject to its jurisdiction.
It is apparent that the practice of the defendant of cancelling scheduled flights is a "practice" within the meaning of the Civil Aeronautics Act. Morrisdale Coal Co. v. Pennsylvania R. R., 1913, 230 U.S. 304, 33 S.Ct. 938, 57 L.Ed. 1494, Pennsylvania R. R. v. Clark Bros. Coal Mining Co., 1915, 238 U.S. 456, 35 S.Ct. 896, 59 L.Ed. 1406. It follows that the reasonableness or lawfulness of such practice can only be determined by the Civil Aeronautics Board, and this court is without jurisdiction to grant any relief to the plaintiff in the absence of a finding by that board that the practice complained of is unlawful or unreasonable, and until the plaintiff is able to allege in a complaint that he has exhausted all of his remedies before that board. The motion to dismiss is granted.