**AMERICAN AIRLINES, Inc., v. STANDARD AIR LINES, Inc.**

United States District Court
S. D. New York.
Oct. 6, 1948.

136

Debevoise, Plimpton & McLean, of New York City, for plaintiff American Airlines, Inc.

Gewirtz & Maclay, of Washington, D. C., and Milton Winn, of New York City, for defendant Standard Air Lines, Inc.

O. D. Ozment, of Washington, D. C., for Civil Aeronautics Board, amicus curiae.

KAUFMAN, District Judge.

Plaintiff moves to enjoin defendant pendente lite from operating, and from holding itself out to the public as operating, regular flights as a common carrier between certain points on the east and the west coasts of the United States.

The action is brought for similar permanent relief.

The moving papers allege that plaintiff is an air carrier engaged in air transportation between New York City and Los Angeles, pursuant to certificates of public convenience and necessity granted by the Civil Aeronautics Board (hereinafter referred to as the "Board") for regularly scheduled operation between said points; that defendant holds no certificate of public convenience and necessity to engage in air transportation, but is an "Irregular Air Carrier" and the holder of Letter of Registration, No. 826, issued under Section 292.1 of the Economic Regulations of the Board. It is then alleged, in substance, that defendant is engaged, and is holding out to the public that it engages, in air transportation between New York City and Los Angeles with a degree of regularity which is not permitted to Irregular Air Carriers; that by its aforesaid actions defendant has exceeded the limits of its authority under Section 292.1 of the Economic Regulations and has thereby forfeited the exemption conferred on Irregular Air Carriers from the requirement of a certificate of public convenience and necessity. Consequently, it is claimed, defendant's operations without such a certificate are illegal and should be enjoined.

There is no dispute as to the number and frequency of defendant's flights, but defendant claims that by virtue of their nature they do not constitute operations of a regularity in excess of those permitted to Irregular Air Carriers.

Apart from the merits, two questions are presented by the motion: first, whether or not plaintiff is "a party in interest" within the meaning of Section 1007(a) of the Civil Aeronautics Act, 49 U.S.C.A. § 647(a), which gives any "party in interest" the right to apply to the appropriate District Court of the United States for an injunction against violation of the Act; and, second, whether or not the Court has jurisdiction of the action.

The papers show that plaintiff, a certificated air carrier, and defendant, the holder of a Letter of Registration as an Irregular Air Carrier, are competing in air transportation between the points involved. This, in my opinion, is sufficient to make plaintiff a "party in interest" within the meaning of Section 1007(a) of the Act. Flying Tiger Line v. Atchison T. & S. F. Ry. Co., D.C., 75 F.Supp. 188.

Section 401(a) of the Act, U.S.C., Title 49, Section 481(a), 49 U.S.C.A. § 481a, provides:

"(a) No air carrier shall engage in any air transportation unless there is in force a certificate issued by the Board authorizing such air carrier to engage in such transportation."

Section 1007 of the Act, U.S.C., Title 49, Section 647, 49 U.S.C.A. § 647, provides that if any person violates any provision of the Act, or any regulation thereunder, or any term, condition, or limitation of any certificate or permit issued thereunder, "the Board, its duly authorized agent, or, in the case of a violation of section 481(a) of this chapter, any party in interest, may apply to the [appropriate] district court of the United States," for the enforcement thereof, "and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or other process, mandatory or otherwise * * *."

If the foregoing were the only provisions to be considered, it would be clear that an air carrier may not engage in air transportation without a certificate of convenience and necessity, and that if it should do so, any party in interest could apply to the appropriate District Court of the United States for an injunction.

There are, however, other provisions which must be considered.

Section 416(a) of the Act, U.S.C., Title 49, Section 496(a), 49 U.S.C.A. § 496(a), authorizes the Board to establish classifications or groups of air carriers, as the nature of the services performed by them shall require, and also to establish such rules and regulations pursuant to and consistent with the provisions of the Act, to be observed by each such class or group, as the Board finds necessary in the public interest. This section, in subdivision (b), authorizes the Board in certain circumstances to "exempt from the requirements of this subchapter or any provision thereof, *. * * any air carrier or class of air carriers, if it finds that the enforcement of this subchapter or such provision * * * is or would be an undue burden on such air carrier or class of air carriers by reason of the limited extent of, or unusual circumstances affecting, the operations of such air carrier or class of air carriers and is not in the public interest."

Acting under this authorization, the Board promulgated Section 292.1 of its Economic Regulations.

Subdivision (b) of this Section provides:

"Classification.—There is hereby established a classification of non-certificated air carriers to be designated 'Irregular Air Carriers.' An Irregular Air Carrier shall be defined to mean any air carrier (1) which does not hold a certificate of public convenience and necessity under Section 401 of the Civil Aeronautics Act of 1938, as amended, (2) which directly engages in interstate or overseas air transportation of persons and property or foreign air transportation of property only, and (3) which does not hold out to the public, expressly or by a course of conduct, that it operates one or more aircraft between designated points, or within a designated point, regularly or with a reasonable degree of regularity upon which aircraft it accepts for transportation, for compensation or hire, such members of the public as apply therefor or such property as the public offers. No air carrier shall be deemed to be an Irregular Air Carrier unless the air transportation services offered and performed by it are of such infrequency as to preclude an implication of a uniformed pattern or normal consistency of operation between, or within, such designated points."

Subdivision (c) of Section 292.1 of the Economic Regulation, in so far as here material, reads:

"(c) Exemptions.—(1) General.—Except as otherwise provided in this section, Irregular Air Carriers shall be exempt from all provisions of Title IV of the Civil Aeronautics Act of 1938, as amended, other than the following:"

and here follow references to the provisions of the Act which are excepted from the exemption. Section 401(a) is not among them.

In other words, Irregular Air Carriers are exempted from the provisions of Section 401(a), the section which requires air carriers to have a certificate of convenience and necessity as a condition of en-

gaging in air transportation. Consequently, air transportation, without such a certificate, by an Irregular Air Carrier to which a Letter of Registration has been issued,[1] would not be a violation of Section 401(a) and would not invest a party in interest with the right, under Section 1007 of the Act, to apply to a District Court for an injunction on the ground that such carrier was violating Section 401(a).

Subdivision (d) (2) of Section 292.1 of the Economic Regulation provides that upon the filing of proper application therefor, the Board shall issue to any Irregular Air Carrier a Letter of Registration "which, unless otherwise sooner rendered ineffective, shall expire and be of no further force and effect, upon a finding by the Board that enforcement of the provision of Section 401 (from which exemption is provided in this section) would be in the public interest and would no longer be an undue burden on such Irregular Air Carrier or Class of Irregular Air Carriers."

Subdivisions (d) (4) and (5) of Section 292.1 of the Economic Regulation, read:

"(4) Suspension of Letter of Registration.—Letters of Registration shall be subject to immediate suspension when, in the opinion of the Board, such action is required in the public interest.

"(5) Revocation of Letter of Registration.—Letters of Registration shall be subject to revocation, after notice and hearing, for knowing and wilfull violation of any provision of the Civil Aeronautics Act of 1938, as amended, or any order, rule or regulation issued under any such provision, or of any term, · condition or limitation of any authority issued under said Act or regulations."

In May, 1948, the Board issued an order, based upon a motion filed with it by a Board Enforcement Attorney, directing defendant herein to show cause why its

Letter of Registration should not be revoked for knowing and wilful violations of the Act, and why the Board should not issue an order requiring defendant to cease and desist from such violations, and why its Letter of Registration should not be suspended during the pendency of the proceeding. By an order of the Board, dated August 24, 1948, the plaintiff herein and certain other air carriers were permitted to intervene in that proceeding. Prior thereto, and on August 4, 1948, the Board, upon the motion papers and defendant's answer thereto, and upon matters within its official knowledge, including the operational and flight reports theretofore filed by defendant, made an order finding that the defendant had operated numerous flights of such frequency "as to indicate and imply a normal consistency of operations between points and therefore have exceeded those operations between designated points deemed to be authorized by section 292.1 of the Economic Regulations"; that defendant herein held itself out to the public as operating "regular or reasonably regular services between such points"; that defendant herein had admitted that it had violated the Act in other specified respects. Thereupon the Board ordered that defendant's Letter of Registration be suspended during the pendency of that proceeding, and assigned the case for public hearing before an examiner of the Board, at a time and place thereafter to be designated.

On September 20, 1948, the United States Court of Appeals for the District of Columbia made an order staying the aforesaid order of the Board pending final disposition of the case, or until further order of the Court in the case. Consequently, in the determination of this motion, defendant's Letter of Registration must be deemed still in full force and effect.

Since, by reason of Section 1007(a) of the Act, a "party in interest" may invoke

---

[1] Subdivision (d) of Section 292.1 of the Regulation requires that Irregular Air Carriers procure letters of registration from the Board.

"(1) Letter of Registration required.— From and after sixty days after the effective date of this section, no Irregular Air Carriers may engage in any form of air transportation unless there is then outstanding and in effect with respect to such air carrier a Letter of Registration issued by the Board."

9

the court only in cases involving violations of Section 401(a) of the Act, and since Irregular Air Carriers are exempted from the provisions of Section 401(a), the question of jurisdiction of the court in this case depends on whether or not defendant is still an Irregular Air Carrier within the meaning of the Act. This depends on whether a carrier, whose Letter of Registration as an Irregular Air Carrier is still outstanding and in effect, automatically ceases to be an Irregular Air Carrier within the meaning of the Act if it operates with greater regularity than the court would find permissible for Irregular Air Carriers, or whether, on the other hand, one to whom such a Letter of Registration has been issued continues to be an Irregular Air Carrier within the meaning of the Act until the Board makes a finding that exemption from the requirement of a certificate of convenience and necessity is no longer in the public interest (Economic Regulation 292.1(d) (2)), and suspends or revokes the Letter of Registration. [id. (4) (5)].

What constitutes the operation of air flights "regularly or with a reasonable degree of regularity," and what constitutes service "of such infrequency as to preclude an implication of a uniform pattern or normal consistency of operation," is not defined in the Economic Regulation or the Act; the definition was wisely left flexible because, as the Regulation and the Explanatory Statement promulgated by the Board in connection therewith show, what would constitute "regularity" or "a uniform pattern of normal consistency of operation" might vary with time, place, nature of the flights and other circumstances. Irrespective of the simplicity or complexity of the question in this particular case, it is evident that the question is of a kind that can be a highly technical one, calling for expert knowledge of the industry, and that the Board, which phrased and promulgated the Regulation, and with which operational reports of all irregular air carriers are regularly filed, "So that it may maintain adequate supervision * * * with respect to exempted operations", is much better equipped and qualified to determine it than the Court could possibly be.

It is to the Board alone that the Act gives the authority to classify air carriers; it is to the Board alone that the Act gives the authority to determine that it would be in the public interest to exempt from the operation of provisions of the Act any class of air carriers so created, and, when the Board so finds, to grant them the exemption, Sec. 416; it is the Board alone which was authorized to, and did, promulgate Economic Regulation 292.1, creating the classification "Irregular Air Carriers" and granting them exemption from the requirement of a certificate of convenience and necessity; it is the Board alone which is empowered to make a finding that the continuance of the exemption with respect to any carrier or class of carriers would no longer be in the public interest [Regulation 292.1 (d) (4)]; it is the Board alone with which operational reports of all carriers are filed, Act, Section 407(a), 49 U.S.C.A. § 487(a), which has supervision of such carriers, Act, Section 205(a), 49 U.S.C.A. § 425(a), and which is authorized to investigate, hold administrative hearings and make administrative orders with respect to violations of the Act by any carrier, Act, Section 1002, 49 U.S.C.A. § 642, and it is the Board alone which is authorized by the Economic Regulation to suspend any Letter of Registration when, in its opinion, such action is "required in the public interest" [Subd. (d) (4)] and, after notice and hearing, to revoke the Letter [(d) (5)].

Reading the various relevant portions of the Act and of Section 292.1 of the Economic Regulation, and taking into account the public policy behind them, I conclude that it was not intended that the Courts should, in the first instance, undertake to determine whether or not one who holds a letter of Registration as an Irregular Air Carrier, duly issued by the Board and still in effect, has forfeited the right to operate as such. I can conceive of serious chaos and conflict with the Board if the Courts were to do so. Taking all of these provisions together, I am of the opinion that the question involves matters of public interest in the domain of air transportation—a subject

**140**

on which the Board is "the final arbiter" (United Air Lines v. Civil Aeronautics Board, 81 U.S.App.D.C. 89, 155 F.2d 169, 173), and that jurisdiction to make such a determination and decision is, at least initially, in the Board. See Adler v. Chicago & Southern Air Lines, Inc., D.C., 41 F.Supp. 366, and cases there cited. The Flying Tiger case, D.C., 75 F.Supp. 188, is not to the contrary. In that case, the carrier against which Court proceedings were invoked had not been classified by the Board; it was operating without any license whatever, either as a regular carrier or as an irregular one. It was, accordingly, clearly in violation of Section 401(a) and subject to injunction proceedings by any party in interest.

In reaching my conclusion, I have not overlooked Hawaiian Air Lines, Ltd., v. Trans-Pacific Air Lines, Ltd., D.C., 73 F.Supp. 68. The opinion there indicates that there may have been some points of distinction between that case and this, but, in any event, in so far as the conclusion there is opposed to the one expressed herein, I find myself unable to adopt it.