WILLIAM D. KENT, as President of Flight Engineers Officers' Association, Plaintiff, *v.* PAN AMERICAN WORLD AIRWAYS, INC., Defendant.

Supreme Court, Special Term, New York County, December 5, 1950.

*Henry J. Friendly* and *John C. Pirie* for defendant.

*Edward L. Justin* and *Daniel Kornblum* for John D. Knight, intervener.

*Emory T. Nunneley, Jr.,* and *Warren L. Sharfman* for Civil Aeronautics Board, *amicus curiæ.*

*Albert W. Fribourg* for plaintiff.

EDER, J.   Motion by defendant to dismiss complaint upon the ground that this court has not jurisdiction of the subject of the action, is granted.

By permission of the court, American Overseas Airlines Chapter, Flight Engineers Officers' Association, affiliated with the American Federation of Labor, and the Civil Aeronautics Board, appearing as *amicus curiæ,* have participated in support of the motion.

In brief, the facts are these:

This is an action for a declaratory judgment concerning an order made by the Civil Aeronautics Board and to declare its legal effect, if any, as concerns the plaintiff Flight Engineer Officers' Association, regarding a contract and collective bar-

gaining agreement made with defendant on or about April 29, 1948, respecting wages and conditions of employment for flight engineers employed by defendant, and later amended by agreement executed on or about July 5, 1950, and plaintiff seeks in this action to have this court settle the question of relative seniority to be accorded members of the plaintiff association and the flight engineers formerly employed by American Overseas Airlines, and in connection with this suit for a declaratory judgment asks for concomitant injunctive relief.

Defendant is an air carrier holding certificates of public convenience and necessity issued pursuant to the Civil Aeronautics Act of 1938 (U. S. Code, tit. 49, § 401 *et seq.*).

On September 25, 1950, defendant acquired all the assets and business of American Overseas Airlines, Inc., another air carrier engaged in foreign air transportation. Defendant's acquisition of Overseas' assets was authorized and approved by an order of the Civil Aeronautics Board which order was approved by the President of the United States.

In giving its approval the Civil Aeronautics Board made provision requiring defendant, among other things, to take over all the employees of American Overseas and to establish specified programs and procedures for protecting the interests of all affected employees and for settling all resulting labor disputes.

The employees' protective provisions of the Civil Aeronautics Board order provided that the Overseas' employees taken over by defendant be given full credit for their period of service with Overseas and that the respective seniority lists of the various groups of employees be integrated. It also provided that methods of integration should be first explored by direct negotiations between defendant and all the representatives of the affected groups of employees, and that, after thirty days, failing direct agreement on a method of integration the parties should submit the problem to arbitration.

Plaintiff rejected any agreement on a method of seniority integration and has refused arbitration under the Aeronautics Board order. Plaintiff seeks to enforce a seniority clause in the labor contract between plaintiff and defendant which would be at variance with the order of the Aeronautics Board and which would accord no seniority recognition whatever to American Overseas' flight engineers.

The instant dispute relates solely to the overseas and foreign commerce of the United States. Congress has seen fit to regulate

virtually every aspect of defendant's business and activities as indicated by the Civil Aeronautics Act of 1938.

The purchase by defendant of American Overseas' assets was pursuant to the authority and provisions of the Civil Aeronautics Act. Under the power given by Congress to the Civil Aeronautics Board, the board has ordered that plaintiff negotiate directly with the various employee groups, and, failing agreement, to proceed to arbitration. This, plaintiff has refused to do.

If plaintiff was dissatisfied with the said order of the board, it could, pursuant to the provisions of section 646 of title 49 of the United States Code (Civil Aeronautics Act) procure a judicial review of the order. This statute, entitled "Judicial review", so far as here pertinent, provides: "§ 646. *Judicial review.* (a) Any order, affirmative or negative, issued by the Board under this chapter, except any order in respect of any foreign carrier subject to the approval of the President as provided in section 601 of this title, shall be subject to review by the circuit courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order."

It is clear that plaintiff must first exhaust its remedy under the Civil Aeronautics Act before it can institute a suit of this nature (*Lichten* v. *Eastern Air Lines,* 87 F. Supp. 691, 695; *Adler* v. *Chicago & Southern Air Lines,* 41 F. Supp. 366); likewise it must exhaust all its remedies before any appropriate Federal administrative agency before it may collaterally assail in a State court any order issued by any such agency (*Lambert Run Coal Co.* v. *Baltimore & Ohio R. R. Co.,* 258 U. S. 377; *Venner* v. *Michigan Central R. R. Co.,* 271 U. S. 127; see, also, *Slocum* v. *Delaware, L. & W. R. R. Co.,* 339 U. S. 239).

If the board erred in imposing the conditions that it did with respect to seniority, the remedy lay in an appeal to a United States Court of Appeals under and pursuant to the provisions of subdivision (a) of section 646 (*supra*). That provision establishes the exclusive method for the review of the validity of board orders (*Sykes* v. *Jenny Wren Co.,* 78 F. 2d 729; see, also, *Myers* v. *Bethlehem Shipbuilding Corp.,* 303 U. S. 41).

That this is the plaintiff's proper remedy is indicated by the fact that, as this court is advised, plaintiff has filed with the United States Court of Appeals for the Second Circuit, a petition to review an order of the Civil Aeronautics Board which is

closely related to the instant matter, and an examination of the petition filed by plaintiff in the said United States Court of Appeals discloses that the subject matter here involved will, in much measure, be before said Federal tribunal for consideration.

Since this court is of the ultimate conclusion that it does not have jurisdiction of the subject of the action, it is manifest that it cannot render a declaratory judgment involving a collective bargaining agreement not subject to its jurisdiction.

For the reasons stated the motion is granted and the complaint is dismissed.

Settle order.