**CIVIL AERONAUTICS BOARD,**
Plaintiff,

v.

**DONALDSON LINE (AIR SERVICES),**
**LIMITED d/b/a Donaldson Interna-**
**tional Airways, Defendant.**

No. 72 Civ. 2054.

United States District Court,
S. D. New York.

May 30, 1972.

Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York, for Civil Aeronautics Board, by Samuel J. Wilson, Daniel Riesel, New York City, and T. Christopher Browne, Washington, D. C., of counsel.

Bodell & Gross, New York City, for defendant, by Gerald E. Bodell, New York City, and Frederick J. Magovern, Garden City, N. Y., of counsel.

POLLACK, District Judge.

This suit by the Civil Aeronautics Board (Board hereafter) seeks to enjoin the defendant, a holder of a foreign air carrier permit operating passenger charter flights into and out of the United States, from failing to observe and obey the requirements of the Board's Order 72-3-67 made March 20, 1972 effective May 1, 1972 which requires defendant to file with the Board for advance approval of each charter flight.

The defendant is a British air carrier licensed to engage only in charter flights between the United States and the United Kingdom. Its license, #70-5-39, known as a "foreign air carrier permit", was recommended by the Board and approved by the President of the United States on May 7, 1970. The permit contains conditions which require the defendant: (1) to comply with Part 214 of the Board's charter flight regulations; and (2) to obtain advance approval of flights whenever the Board shall determine, without need of a hearing, that such advance approval would be in the public interest (referred to hereafter as condition 5). These conditions appear in all foreign charter carrier permits.

On March 20, 1972, the Board invoked the advance approval condition in the permits of two British carriers, the defendant and another, and by its Order 72-3-67 required the defendant to obtain such advance approval for all charter passenger flights to be operated into or out of this country after May 1, 1972, except inclusive tour charters which are package tours including both air and land components and are sold pursuant to 14 C.F.R. § 378. The excepted category requires elaborate pre-flight filings.

The March 20, 1972 Order requires the defendant to submit an application for Board approval at least 25 days prior to the operation of each passenger charter flight into or out of the United States—reducible to 10 days upon a showing of good cause.

The Board's regulations require a foreign air carrier to keep on file a "Statement of Supporting Information" at least 30 days prior to departure of each flight and this is to be kept on file for Board examination and demand. 14 C. F.R. §§ 214.6(d) and 214.12(a).

On April 17, 1972, defendant petitioned the Board for reconsideration of its Order 72-3-67. This was denied on May 10, 1972. No interim stay of that

order was granted; the petition does not act as a stay. 14 C.F.R. § 302.37.

To date, defendant has requested the Board's advance approval for only three passenger charters. Two of these were denied as untimely filed and the third is currently pending. However, the evidence shows that between May 1 and 8, 1972, the defendant, without advance approval by the Board, operated seven charter flights into or out of the United States. Accordingly, the Board here seeks to enforce obedience to its Order 72–3–67 by a writ of injunction under 49 U.S.C. § 1487, restraining the defendant and its privies from further violation of such Order.

The defendant contends that condition 5 in its operating permit was imposed beyond the Board's authority and is invalid; that Order 72–3–67 was adopted without notice and hearing and is invalid; that the two British carriers have been subjected to unlawful discrimination by the Board; that compliance with the Board's order would have required defendant to strand its passengers on the questioned charter flights; and that the relief sought here is harsh and would cause defendant irreparable damage.

The permit which defendant holds from the Board, #70–5–39 as approved by the President of the United States on May 7, 1970, conditioned the defendant's licensed privileges by the following provision (condition 5):

> The Board, by order or regulation and without hearing, may require advance approval of individual charter trips conducted by the holder pursuant to the authority granted by this permit, if it finds such action to be required in the public interest.

The Board made the requisite public interest finding on March 20, 1972 stating that it has substantial reason to believe that defendant may be regularly transporting persons who do not qualify for charter transportation authorized under the Board's charter flight regulations. The defendant has not to this date furnished the Board with any proof to the contrary.

There has been no appeal to the Courts from the Board's orders. Jurisdiction to consider an appeal from Board orders rests with the United States Courts of Appeals. 49 U.S.C. § 1486(a). However, that provision expressly excepts from coverage "any order in respect of any foreign air carrier subject to the approval of the President."

The jurisdiction of this Court to consider the relief sought by the CAB arises from 49 U.S.C. § 1487 which provides that the district court "shall have jurisdiction" to enforce an order of the Board—or any term, condition, or limitation of a permit issued by the Board—upon application by that agency.

 Injunctive relief is the appropriate remedy when an order is being violated and CAB need not show irreparable harm to obtain such relief. 49 U.S.C. § 1487; C.A.B. v. Modern Air Transport, 81 F.Supp. 803 (S.D.N.Y. 1949), aff'd, 179 F.2d 622 (2d Cir. 1950).

The failure to comply with the Board's requirement of advance notice of passenger charter flights was a deliberate decision by the defendant based on legal advice that the Board's requirement was invalid and on the commercial inconvenience and unfeasibility of compliance. The defendant claims that charters or sub-charters are engaged on short notice and require certainty of procedure and that a carrier cannot suffer the delay incident to Board approval and maintain its competitive position as against the carriers who are not subject to such requirements. Thus, the defendant argues that the commercial usefulness of its permit has been withdrawn by the advance filing requirement.

 The fundamental concern is the protection of the public interest and that has been entrusted to the agency in respect to foreign air carriers in the manner set forth in the permit and the agency has proceeded lawfully thereun-

der in the manner authorized by the President of the United States.

■ A consideration of the validity of defendant's permit or the conditions therein, including the prior approval condition invoked, would be to engage the Court in a matter exclusively within the prerogative of the President and not subject to judicial review. Pan American World Airways, Inc. v. C.A.B., 129 U.S.App.D.C. 159, 392 F.2d 483 (1968); *cf.* British Overseas Airways Corp. v. C.A.B., 113 U.S.App.D.C. 76, 304 F.2d 952 (1962).

There is a distinction in the law applicable as between citizen-carriers and foreign air carriers. This, according to the authority cited below, represents deference to the "plain language of the statute itself", and a recognition that the issuance and supervision of foreign air carrier permits involve quite different considerations than do the issuance of certificates of public convenience and necessity to citizen air carriers. Pan American World Airways, Inc. v. C.A.B., 129 U.S.App.D.C. 159, 392 F.2d 483, 490, 493 (1968). This distinction between foreign and domestic air carriers has been noted in this Circuit, Overseas National Airways, Inc. v. C.A.B., 426 F.2d 725, 727 n. 4 (2d Cir. 1970), but not expressly adjudicated.

It is the duty of every person subject to the Board's jurisdiction to "observe and comply with any order, rule, regulation, or certificate issued by the . . . Board under this Act affecting such person as long as the same shall remain in effect." 49 U.S.C. § 1485(e). In this regard the Board stated when denying defendant's petition for reconsideration:

> If the petitioners are complying with our regulations, as they assert, there will be no reason to withhold our approval for any proposed charters and the market place will not shy away from their sales activities. We disavow any intention to withhold approval of any charter for which approval is sought in accordance with the procedures of Order 72–3–67 and which

complies with our charter regulations in the same manner as the charters of all other air carriers and foreign air carriers must do. Order 72–5–35, p. 6–7.

■ The Board is entitled to an injunction from this Court enforcing compliance with Order No. 72–3–67 and is granted judgment accordingly.

The foregoing shall, together with the stipulated facts marked in evidence, constitute the findings and conclusions required by F.R.Civ.P. 52(a).

Submit judgment accordingly on one (1) day's notice.

So ordered.