**CIVIL AERONAUTICS BOARD,**
**Plaintiff-Appellant,**

v.

**AEROMATIC TRAVEL CORP. et al.,**
**Defendants-Appellees.**

**No. 116, Docket 73–1059.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 19, 1973.

Decided Dec. 12, 1973.

As Amended Feb. 11, 1974.

Mulligan, Circuit Judge, dissented and filed opinion.

Harlington Wood, Jr., Asst. Atty. Gen., Robert A. Morse, U. S. Atty., Walter H. Fleischer and James C. Hair, Jr., Attys., Dept. of Justice, Washington, D. C., and Stephen A. Alterman, Atty., Civil Aeronautics Bd., Washington, D. C., on the brief, for plaintiff-appellant.

Hofheimer, Gartlir, Gottlieb & Gross, New York City, for appellees Consolidated Air Brokers, Inc., Fred Meyrow and Lillian Meyrow, on the brief.

Before LUMBARD, MANSFIELD and MULLIGAN, Circuit Judges.

LUMBARD, Circuit Judge:

Seeking to prevent appellees from participating in what it considers to be a "vast black market in air transportation," the Civil Aeronautics Board in September 1971 brought this action in the Eastern District of New York to enjoin violations of the Federal Aviation Act of 1958, 49 U.S.C. §§ 1301–1542, and the regulations thereunder. By an order dated November 15, 1972, Judge Travia, invoking the doctrine of primary jurisdiction, stayed the proceedings in order that the CAB could initially determine whether the activities of appellees violated the Act. 349 F.Supp. 1151 (E.D. N.Y.1972). We reverse the district court's order and remand for further proceedings before a different district judge.

## I.

The CAB's complaint alleged that appellees, five travel agencies and their officers or employees, arranged "charter" flights between the United States and Europe and sold tickets on these flights to members of the general public. The prices for these tickets were alleged to be fixed by appellees and not by the actual air carriers. Together with the tickets for the flights, purchasers were also given false membership documents in the. organization chartering the flights. The Board claims that these activities make appellees indirect air carriers [1] operating without certificates of public convenience and necessity in violation of 49 U.S.C. § 1371(a) or indirect foreign air carriers [2] operating without permits issued by the Board in violation of 49 U.S.C. § 1372(a). It also claims that appellees' operations violate the applicable CAB charter flight regulations, which, among other things, require that there be no solicitation of the general public and that charter flights be limited to bona fide members of the chartering organization or their immediate families. See 14 C.F.R. Parts 207, 208, 212, 214.

The appellees moved to dismiss or stay the district court proceedings on the ground that the doctrine of primary jurisdiction required that the CAB initially determine whether appellees were indirect air carriers or, as appellees claimed, ticket agents,[3] which are not

---

1. 49 U.S.C. § 1301(3) :
"Air carrier" means any citizen of the United States who undertakes, whether directly or indirectly or by a lease or any other arrangement, to engage in air transportation: Provided, That the Board may by order relieve air carriers who are not directly engaged in the operation of aircraft in air transportation from the provisions of this chapter to the extent and for such periods as may be in the public interest.

2. 49 U.S.C. § 1301(19) :
"Foreign air carrier" means any person, not a citizen of the United States, who undertakes, whether directly or indirectly or by lease or any other arrangement, to engage in foreign air transportation.

3. 49 U.S.C. § 1301(35) :
"Ticket agent" means any person, not an air carrier or a foreign air carrier and not a bona fide employee of an air carrier or for-

subject to the same degree of Board regulation.[4] They pointed out that the Board in similar cases was proceeding by investigations and hearings before the Board itself.[5] Judge Travia denied this motion but gave appellees leave to renew it at an appropriate time during the evidentiary hearing. 341 F.Supp. 1271, 1282 (E.D.N.Y.1971).

At the same time, appellees moved that the airlines that actually provided the air transportation be joined as parties under Rule 19, F.R.Civ.P. Judge Travia granted this motion. 341 F. Supp. at 1276. The CAB subsequently amended its complaint to include the direct air carriers as defendants, but did not allege that they had committed any wrongs. At this point, Judge Travia changed his mind; he dismissed the airlines as defendants and granted the stay originally sought by appellees, without hearing any evidence, 349 F.Supp. at 1154–1157, and, so far as we can see, without any good reason.

## II.

■ We must decide whether we have jurisdiction to hear this appeal. Under the teaching of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), we believe that we have jurisdiction. The issue of whether the doctrine of primary jurisdiction should be invoked is collateral to the ultimate issues of this case, the issue is vital to CAB efforts to secure speedy enforcement of the Federal Aviation Act and the Board's regulations, and the issue is too important to be deferred until the entire case is decided.

## III.

■ Moving to the merits, we think it was error for the district court to apply the doctrine of primary jurisdiction.[6] The Board is given the power to enforce the Act and its regulations by either of two means. It can institute a suit in the district courts for enforcement purposes, as was done here, 49 U.S.C. § 1487(a), or it can institute its own investigations of possible violations and then issue appropriate orders to compel compliance, 49 U.S.C. §§ 1482(b)–(c). These orders can then be enforced in the district courts by suits brought under § 1487(a).[7]

In CAB v. Modern Air Transport, Inc., 179 F.2d 622 (2d Cir. 1950), we held that the Board could sue to enjoin an air carrier from engaging in air transportation without proper authorization from the Board, even though the Board had not issued a cease and desist order in the case. We said that the doctrine of primary jurisdiction was not applicable "where the issue, regardless of its complexity, is not the reasonableness of the rate or rule, but a violation of such rate or rule." 179 F.2d at 624. Subsequent cases may have slightly relaxed this distinction, see, e. g., United States v. Western Pacific R. R., 352 U.S. 59, 77

eign air carrier, who, as principal or agent, sells or offers for sale any air transportation, or negotiates for, or holds himself out by solicitation, advertisement, or otherwise as one who sells, provides, furnishes, contracts, or arranges for, such transportation.

4. Ticket agents are not required to hold certificates of public convenience and necessity issued by the CAB, but they are subject to CAB investigations and orders to remedy unfair or deceptive practices. 49 U.S.C. § 1381.

5. The complaint in this case also asked the district court to enforce a prior CAB cease and desist order against Charter Consultants, Inc. and Fred Meyrow. The complaint, however, sought enforcement of the order against Consolidated Air Brokers, Inc., Fred Meyrow, and Lillian Meyrow. These defendants argue that the order cannot be applied to them. In the present posture of this case, we do not decide this issue.

6. Judge Travia discussed this issue as though referral to the agency was a matter of discretion. 349 F.Supp. at 1155. We, however, believe that this issue is one of law fully reviewable in this court. See United States v. Western Pac. R.R., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952).

7. The Board can also levy civil penalties for violations of its orders. 49 U.S.C. § 1471.

S.Ct. 161, 1 L.Ed.2d 126 (1956), but we believe that the distinction still holds in the circumstances of this case.

■ First, a reading of the Act indicates that Congress intended that the CAB be able to enforce the Act and regulations without an initial determination by the Board that they had been violated. See generally L. Jaffe, Judicial Control of Administrative Action 124–25 1965). Congress provided in 49 U.S.C. § 1487(a) for the enforcement of the Act, and of any Board rule, regulation, or order, by the Board's suing in district court. Appellees' arguments would in effect amend this section to provide that only the Board's orders can be enforced in district court.[8] The fact that the Board has decided in allegedly similar cases first to seek cease and desist orders after hearings before the Board need not concern us; the CAB, in its discretion, may choose whatever enforcement procedure it believes appropriate. One of the obvious purposes of providing that the CAB may bring suit in district court is to ensure a speedy enforcement of the Act and the district court's actions, resulting in two years of delay, have clearly thwarted this purpose.

■ Second, when the agency chooses to go to the district court for enforcement, it makes little sense to refer the very question at issue to the agency. Reference to the CAB of a major issue in a suit in which the Board is plaintiff would be, as we said in *Modern Air Transport,* a "delaying formalism." 179 F.2d at 625. Professor Davis has written that the principal reason behind the doctrine of primary jurisdiction is the "recognition of the need for orderly and sensible coordination of the work of agencies and of courts." 3 K. Davis, Administrative Law Treatise § 19.01, at 5 (1958). Therefore, the doctrine does not apply when the agency itself is plaintiff. Id. § 19.02, at 13–14.

The district court felt that *Modern Air Transport* was not apposite since it was presented with the difficult factual issue of whether appellees are indirect air carriers. However, the factual issues, which do not seem to be seriously disputed, can and should be resolved by the district court; this is the business of the district court, whether the issues be simple or complex. The major issue here is one of statutory interpretation: Do the facts as found regarding the operations of appellees make them subject to the Board's powers to regulate air carriers?[9] There is no reason why both the factual and legal issues cannot be decided by the district court without delay.[10] Therefore, as in *Modern Air Transport,* "we find no judicial barrier to granting the swift remedy accorded [the CAB] by Congress." 179 F.2d at 626.

8. Section 1487(a) specifically allows private parties in interest to enforce 49 U.S.C. § 1371(a), one of the sections relevant to this case. This suggests that Congress intended to allow even private parties to enforce that section of the Act without prior reference to the Board. The Ninth Circuit has upheld a preliminary injunction in a suit brought by a private party to enjoin activities similar to that of appellees without prior reference to the Board. (The CAB, was, however, an amicus curiae). Monarch Travel Services, Inc. v. Associated Cultural Clubs, Inc., 466 F.2d 552 (9th Cir. 1972).

9. We note that the Board has held that behavior analogous to that in which appellees are supposed to have engaged comes within its regulatory powers. See, e. g., Group Tour Excursion Fares, 44 C.A.B. 803 (1966); Hacienda Hotels-Motels, 26 C.A.B. 372 (1958); note 5 supra.

10. Pan American World Airways, Inc. v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963), is not relevant here. We do not deal with an alleged antitrust violation that could arguably be remedied or exempted by the Board. Furthermore, since the Board is the plaintiff, we are not bypassing an agency when we order the district court to interpret the statute. Cf. Hughes Tool Co. v. Trans World Airlines, Inc., 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); Ricci v. Chicago Mercantile Exchange, 409 U.S. 289, 93 S.Ct. 573, 34 L.Ed. 2d 525 (1973); Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952).

## IV.

█ As mentioned above, the district court first held that Rule 19, F.R.Civ.P., required that the direct air carriers be joined as defendants but then dismissed them from the case when the CAB's amended complaint failed to allege that they had committed any wrong. The court erred in its initial ruling that joined the airlines under Rule 19.

Complete relief could have been accorded the original parties in this action by granting the injunction sought by the CAB since the Board never sought any remedy against the airlines. The airlines themselves argued below that they had no interest in this case and that they should not have been joined. They have no interest which requires protection by their appearance in this case. Therefore, further proceedings in this case are properly based on the original complaint which named only the appellees as defendants.

Reversed and remanded for further proceedings before a different district judge.

MULLIGAN, Circuit Judge (dissenting):

In my view, this court has no appellate jurisdiction here. Allied Air Freight, Inc. v. Pan American World Airways, Inc., 340 F.2d 160 (2d Cir.) (per curiam), cert. denied, 381 U.S. 924, 85 S.Ct. 1560, 14 L.Ed.2d 683 (1965), also involved an appeal from an order of the district court which had stayed an action by the plaintiff on the ground that the C.A.B. had primary jurisdiction. This court held that it had no appellate jurisdiction, stating that "[o]bviously, the stay order, as well as not adjudicating upon plaintiffs' claims, does not finally dispose of the district court suit or necessarily preclude a sometime trial in that forum of plaintiffs' claims." Id. 340 F.2d at 161.

I do not see how Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is applicable. While the question of primary jurisdiction is collateral to the ultimate issue of this case, this is the only criterion of Cohen met on this appeal. Certainly the majority opinion here settles no important issue once and for all. International Business Machines Corp. v. United States, 480 F.2d 293, 298 (2d Cir. 1973) (en banc). This is simply a reversal based on established authority and with which I would agree if we had appellate jurisdiction.

While the C.A.B. may be anxious for a speedy enforcement of its own regulations, there is no showing here that a decision by the district court is critical or that any irreparable harm will flow if the agency makes its own determination on the merits. Eisen v. Carlisle & Jacquelin, 479 F.2d 1005, 1007 n.1 (2d Cir. 1973), cert. granted, 414 U.S. 908, 94 S. Ct. 235, 38 L.Ed.2d 146 (1973). The relegation of this matter by the district court to the C.A.B. with its wide enforcement powers, while erroneous, is hardly calamitous. The C.A.B. admits that 22 cases involving the same question have been or are presently before the Board. Thirteen of these have already been resolved by cease and desist orders. One has been dismissed and one settled. The balance are still pending before the Board. If this case was remanded to the Board, no irreparable harm could possibly ensue.

This court has "often indicated that Cohen must be kept within narrow bounds, lest this exception swallow the salutary 'final judgment' rule." Weight Watchers, Inc. v. Weight Watchers Int'l, Inc., 455 F.2d 770, 773 (2d Cir. 1972). The wisdom of containing the Cohen exception to that small class of cases presenting questions of crucial significance should be particularly apparent today with our calendar at an all-time peak.