## MONTANA DAKOTA UTILITIES CO. v. NORTHWEST PUBLIC SERVICE CO.

### Civ. No. 241.

District Court, D. South Dakota.
June 25, 1947.

**150**

Morrison & Skoug, of Mobridge, S. D., and Faegre & Benson, of Minneapolis, Minn., for plaintiff.

Royhl & Longstaff, of Huron, S. D., and Pam, Hurd & Reichmann, of Chicago, Ill.

WYMAN, District Judge.

In considering the question presented by defendant's motion to dismiss the above entitled action, after a careful study of the briefs and authorities cited, I find myself unable to agree with the contentions presented in support of said motion. A discussion of the several points urged by defendant would extend this communication to an unreasonable length and serve no worthwhile purpose.

■ It is sufficient to say that the Federal Power Act specifies the method for the establishment of the lawful rate at which electric energy can be bought and sold at wholesale in interstate commerce and imposes a statutory duty upon those who thus deal in said commodity to buy or sell the same at the rate thus lawfully established. The imposition of this statutory duty creates a right in those who thus deal in electric energy to purchase or sell the same at the rate established pursuant to the provisions of the Act.

■ It appears by the complaint in this action that the same is based upon an alleged infringement of this right. It also appears that there is at present a substantial controversy between the parties, the outcome of which depends upon the construction of the federal statute. The provisions made in the statute for affording administrative relief are not designed to remedy the wrongs upon which the instant case is based, and in my opinion, the allegations of the complaint are suffi-

cient to bring the action within the jurisdiction of this Court. While the Power Act does not specifically authorize such a suit, in the absence of an adequate administrative remedy, the only relief remaining to those who have sustained damage by reason of such breach of statutory duty as is set forth in the complaint, is in resort to the Court which, in my opinion, is vested with the necessary authority, as well as the duty, to entertain such suit, by implication.

It follows that in my opinion the motion to dismiss must be denied. Therefore, upon presentation of the proper order to that effect, allowing the defendant the usual 20 days in which to answer, the same will be signed and entered of record.