## NORTHWESTERN PUBLIC SERVICE CO.
## v. MONTANA–DAKOTA UTILI-
## TIES CO.
### No. 13887.

United States Court of Appeals
Eighth Circuit.

April 4, 1950.

Jacob M. Lashly, St. Louis, Mo. (Max Royhl, Huron, S. D., Sydney K. Schiff,

Fredric H. Stafford, Chicago, Ill., Paul B. Rava, St. Louis, Mo., Pam, Hurd & Reichmann, Chicago, Ill., and Lashly, Lashly, Miller & Clifford, St. Louis, Mo., were with him on the brief), for appellant.

John C. Benson, Minneapolis, Minn. (Pat Morrison, Mobridge, S. D., H. F. Fellows, Rapid City, S. D., Rodger L. Nordbye and Faegre & Benson, Minneapolis, Minn., were with him on the brief), for appellee.

Howard E. Wahrenbrock, Assistant General Counsel, Federal Power Commission, Washington, D. C. (Bradford Ross, General Counsel, and Louis W. McKernan, Principal Attorney, Federal Power Commission, Washington, D. C., were with him on the brief), for Federal Power Commission, amicus curiae.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an action brought by appellee as plaintiff in the district court on February 3, 1947, against appellant-defendant to recover damages according to the principles of the common law.

The parties, corporations organized under the laws of Delaware, are both engaged in the electric public utility business, the plaintiff chiefly in North Dakota and the defendant in South Dakota. The plaintiff brings the action as assignee of its predecessors. Prior to July 1, 1939, the Northern Power and Light Company and the North Dakota Power & Light Company, two Delaware corporations, were engaged in the electric public utility business in North Dakota. On the date named the two corporations merged into one corporation under the name of Dakota Public Service Corporation, which by the terms of the merger became the owner of the business and properties of its two predecessors. On October 19, 1945, the Dakota Public Service Company assigned to Montana-Dakota Utilities Co., plaintiff here, all claims, demands, and causes of action which it had against defendant.

Federal jurisdiction is based upon § 1331 of Title 28 U.S.C.A., upon the theory that the action arises under the " * * * laws * * * of the United States", namely, the Federal Power Act, 16 U.S.C.A. § 824 et seq.

The controversy involves the period from September 1, 1935, to October 19, 1945. During this period plaintiff's predecessors and defendant operated under joint management in contiguous territory, and their lines were interconnected at several points. They entered into contracts for the exchange of electric energy and for the allocation of joint expenses. In this action plaintiff seeks to recover from defendant alleged unreasonable rates and charges for electric energy in interstate commerce at wholesale exacted from its predecessors by defendant in violation of the Federal Power Act; and to recover, also, the difference between amounts alleged to have been paid by defendant to such predecessors for electric energy and the reasonable costs of such energy on the ground that all such underpayments were in violation of the Federal Power Act. It is also alleged that all such excessive payments exacted from plaintiff's predecessors and such underpayments by defendant to such predecessors were fraudulent and unlawful.

The fraud charged was alleged to consist of (1) the exaction of unreasonable rates and charges by defendant through the medium of common officers and directors of defendant and of plaintiff's predecessors and (2) the improper filing by defendant of some rate schedules and the belated filing of others.

The record shows that all of the contracts for the interchange of electrical energy between defendant and plaintiff's predecessors fixed rates based upon per kilowatt hour service, and that such contracts were all filed by both defendant and plaintiff's predecessors with the Federal Power Commission, although some of them were filed after they had been put into effect. But they were all approved as filed by the Commission. Certain agreements for allocation of joint management expenses were not filed on the assumption that they did not affect rates.

The defendant, prior to the trial, moved the court to dismiss the complaint for want

of jurisdiction over the subject matter, asserting *inter alia* that the "alleged cause of action does not really and substantially involve a dispute or controversy respecting the validity, construction or effect of the Constitution or laws of the United States nor does a determination of this suit depend thereon."

The motion was overruled, D.C., 73 F. Supp. 149; the case was tried to the court without a jury; findings of fact and conclusions of law were filed by the court and judgment rendered for plaintiff and against defendant for the total sum of $779,958.30. The judgment consisted of

(1) $229,214.46 representing the amount by which the defendant had paid less for electric energy delivered to it from 1935 to 1945 at the filed rate than the court determined would have been a "just and reasonable" rate, plus $82,417.85 interest.

(2) $196,021.51, interconnection rental charges received by defendant under an agreement filed as defendant's Rate Schedules FPC Nos. 3, 5A, 6, and supplement 1, plus $91,340.18 interest.

(3) $111,665.05, interchange capacity charges received by defendant under agreements filed as defendant's Rate Schedules FPC Nos. 4 and 6, and supplement No. 1, plus $43,866.13 interest.

(4) $19,214.76 received by defendant as reimbursement for a share of dispatching services initially paid for by it, pursuant to a joint management agreement not filed, plus $6,213.38 interest.

The defendant-appellant contends, first, that the court erred in refusing to dismiss the complaint for lack of jurisdiction over the subject matter in that under the applicable statute jurisdiction over electrical utility rates in interstate commerce is vested exclusively in the Federal Power Commission.

The plaintiff in its brief contends that the court had jurisdiction to adjudicate its claims under the Federal Power Act because the rates and charges sought to be recovered were collected in violation of § 205 of the Federal Power Act, 16 U.S.C.A. 824d, in that (1) Section 205(a) of the Act

declares that all unjust and unreasonable rates and charges are unlawful, and the rates and charges in dispute are alleged to be unjust and unreasonable; and (2) the rates in issue were illegal because defendant failed to comply with the filing provisions of § 205(d) of the Act.

The pertinent parts of § 205, 16 U.S.C. A. 824d are:

"(a) All rates and charges made, demanded, or received by any public utility for or in connection with the transmission or sale of electric energy subject to the jurisdiction of the Commission, * * * shall be just and reasonable, and any such rate or charge that is not just and reasonable is hereby declared to be unlawful.

"(b) No public utility shall * * * (1) make or grant any undue preference or advantage to any person or subject any person to any undue prejudice or disadvantage, * * *.

" (c) * * * every public utility shall file with the Commission * * * schedules showing all rates and charges for any transmission or sale subject to the jurisdiction of the Commission, and the classifications, practices, and regulations affecting such rates and charges, together with all contracts which in any manner affect or relate to such rates, charges, classifications, and services.

"(d) * * * no change shall be made by any public utility in any such rate, charge, classification, or service, or in any rule, regulation, or contract relating thereto, except after thirty days' notice to the Commission and to the public. * * * [But] The Commission, for good cause shown, may allow changes to take effect without requiring the thirty days' notice herein provided for by an order specifying the changes so to be made and the time when they shall take effect and the manner in which they shall be filed and published."

And subsection (e) provides that "Whenever any such new schedule is filed the Commission shall have authority, either upon complaint or upon its own initiative" upon reasonable notice to enter upon a hearing and to make such orders as it finds to be justified.

The district court, we think, erred in assuming that because the complaint alleged that the rates and charges in issue were unjust and unreasonable it had power to determine just and reasonable rates, and if the filed rates were found to be unreasonable to declare them unlawful and grant reparations under § 205, supra. Nowhere does the Act give the district court power to determine just and reasonable rates; that power is given to the Commission exclusively. Section 314, 16 U.S.C.A. § 825m(a), provides that the Commission may bring an action in the proper court of the United States to enjoin violations of the Act and to enforce compliance with the Act or any rule, regulation or order of the Commission; and § 317, 16 U.S.C.A. § 825p, provides that such actions may be brought in the district courts of the United States. The statute does not imply that aggrieved parties may bring such actions. See Civil Aeronautics Board v. Modern Air Transport, Inc., 2 Cir., 179 F.2d 622, 624, 625, and cases cited.

The plan or scheme of the Federal Power Act is analogous to that of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and decisions under the latter Act should be controlling here. This is especially true since the enactment of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. United States v. Jones, 336 U.S. 641, 672, 69 S.Ct. 787. It is well settled that the reasonableness of rates will not be considered by the courts before application has been made to the Commission. The rates filed and approved by the Commission are the lawful rates until changed in the way provided by the Act. Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553; Robinson v. Baltimore & Ohio R. Co., 222 U.S. 506, 32 S.Ct. 114, 56 L.Ed. 288; Mitchell Coal & Coke Co. v. Pennsylvania R. Co. 230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472; Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772; Terminal R. R. Ass'n v. United States, 266 U.S. 17, 31, 45 S.Ct. 5, 69 L.Ed. 150; United States v. I. C. C., 337 U.S. 426, 437, 69 S.Ct. 1410; Backus-Brooks Co. v. Northern Pac. Ry. Co., 8 Cir., 21 F.2d 4; Chicago, I. & L. Ry. Co. v. International Milling Co., 8 Cir., 43 F.2d 93; Woodrich v. Northern Pac. Ry. Co., 8 Cir., 71 F.2d 732, 97 A.L.R. 401; Watab Paper Co. v. Northern Pac. Ry. Co., 8 Cir., 154 F.2d 436; Civil Aeronautics Board v. Modern Air Transport, Inc., supra.

In Great Northern Ry. Co. v. Merchants Elevator Co., 259 U.S. 285, at page 291, 42 S.Ct. 477, at page 479, 66 L.Ed. 943, the Supreme Court said: "Whenever a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission. Sometimes this is required because the function being exercised is in its nature administrative in contradistinction to judicial. But ordinarily the determining factor is not the character of the function, but the character of the controverted question and the nature of the enquiry necessary for its solution. To determine what rate, rule or practice shall be deemed reasonable for the future is a legislative or administrative function. To determine whether a shipper has in the past been wronged by the exaction of an unreasonable or discriminatory rate is a judicial function. Preliminary resort to the Commission is required alike in the two classes of cases. It is required because the enquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission. Moreover, that determination is reached ordinarily upon voluminous and conflicting evidence, for the adequate appreciation of which acquaintance with many intricate facts of transportation is indispensable, and such acquaintance is commonly to be found only in a body of experts."

Moreover, the transmission of electric energy being at wholesale and interstate, the seller must collect the charge named in the filed rate and the purchaser must pay that rate. So long as the filed rate is not changed in the manner provided by the Act it is to be treated as though it were a statute, binding upon the seller and the purchaser alike. Texas & Pac. Ry. Co. v. Cisco Oil Mill, 204 U.S. 449, 27 S.Ct. 358, 51 L.Ed. 562; Pennsylvania R. Co. v. International Coal Mining Co., 230 U.S. 184, 197, 33 S.Ct. 893, 57 L.Ed. 1446, Ann.Cas.

1915A, 315; Pillsbury Flour Mills Co. v. Great Northern Ry. Co., 8 Cir., 25 F.2d 66, 68.

██ Plaintiff's further contentions that the rates in issue were unlawful are without merit in view of our conclusion that upon proper complaint under the Federal Power Act the Commission had jurisdiction and was the proper tribunal in the first instance to determine all such contentions. In brief, those contentions are that the rates were illegal because defendant failed to comply with the filing provisions of the Act; that thirty days' notice of filing as required by § 205(d) was not given; that the power, if it exists, to cure the defect in filing was nullified by the fraud of the defendant; and that defendant's acts were fraudulent because defendant and plaintiff's predecessors had common officers.

None of these contentions, however, defeated the jurisdiction of the Commission. They are in substance of the same effect as were the contentions of plaintiff in the case of Watab Paper Co. v. Northern Pac. Ry. Co., supra, as enumerated on page 437 of the report. This court held there that the Commission had jurisdiction to hear and determine all the issues, and concluded [154 F.2d, 438]: "Manifestly, if the Commission had such jurisdiction, it had jurisdiction to reach either a correct or an incorrect decision, but whether correct or incorrect its determination could not be attacked collaterally as in this proceeding attempted." The situation is equally true here. Had the case been submitted to the Federal Power Commission, the statute, § 313(b), 16 U.S.C.A. § 825l(b), gave to the plaintiff a right of appeal to the United States Court of Appeals.

██ Jurisdiction in such a controversy as this to investigate fraud practiced by an electric public utility in the past as well as in the present is vested not in the district court, but in the Commission by § 307, 16 U.S.C.A. § 825f, wherein it is provided that "The Commission may investigate any facts, conditions, practices, or matters which it may find necessary or proper in order to determine whether any person has violated or is about to violate any provision of this Act

or any rule, regulation, or order thereunder, * * *. The Commission may permit any person to file with it a statement in writing * * * as to any or all facts and circumstances concerning a matter which may be the subject of investigation * * *." The Commission by § 309 (16 U.S.C.A. § 825h) is empowered to make, amend, and rescind such orders, rules and regulations as it may find necessary or appropriate to carry out the provisions of the Act. The Commission can, no doubt, correct its own mistakes. In case a complainant is aggrieved by the decision of the Commission its remedy is by appeal under § 313(b), supra. It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed * * * injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41; 58 S.Ct. 459, 463, 82 L.Ed. 638; Macauley v. Waterman Steamship Corp., 327 U.S. 540, 543, 66 S.Ct. 712, 90 L.Ed. 839.

For the foregoing reasons the judgment appealed from is reversed with instructions to dismiss the complaint.