**INTERSTATE NATURAL GAS CO. v. SOUTHERN CALIFORNIA GAS CO. et al.**

**No. 12828-WB.**

United States District Court
S. D. California, Central Division.
March 3, 1952.

318

Guthrie, Darling & Shattuck, Los Angeles, Cal., for plaintiff.

T. J. Reynolds, L. T. Rice, Los Angeles, Cal., for defendant, Southern Cal. Gas Co.

Milford Springer, Los Angeles, Cal., for defendant, Southern Counties Gas Co.

Pillsbury, Madison, & Sutro, Turner H. McBaine, and Byron E. Kabot, all of San Francisco, Cal., for defendant, Southern Cal. Gas Co. and Southern Counties Gas Co.

BYRNE, District Judge.

Plaintiff's original complaint was held by this court, in a memorandum of decision, 102 F.Supp. 685, to be vulnerable to a motion to dismiss for lack of jurisdiction of the subject matter of the action due to plaintiff's failure to exhaust its administrative remedies.

■ An amended complaint has been filed in which plaintiff seeks to avoid the impact of the court's opinion by the addition of allegations of facts which it contends, if true, resulted in an exhaustion of its administrative remedies. These allegations fail to meet the force of the opinion. They refer to oral requests that plaintiff made of the Federal Power Commission to compel the defendants to file rates. The Rules of Practice of the Federal Power Commission (18 C.F.R. 1.6), of which this court may take judicial notice, require that "Formal complaints shall be in writing and under oath", and even informal complaints shall be in writing. If the court were to construe the complaint as alleging that the Commission had waived the formal requirements and granted a hearing under Section 717d(a), Title 15 U.S.C.A., it would not avail the plaintiff. Section 717r provides for administrative and judicial review at the instance of an "aggrieved person", and there is no allegation that these remedies were pursued.

■ With respect to the allegations that the Commission refused to permit the plaintiff to intervene in a collateral proceeding not involving the defendants who have appeared in this action, aside from the question of materiality, these allegations fall short for the same reasons as those heretofore referred to. Refusal of permission to intervene in a proceeding under 717n did not preclude the plaintiff from filing a complaint under 717d and pursuing its administrative remedies any more than the oral conversations did.

The plaintiff has made no effort to allege that a hearing was had before the Commission, or that an application was made to the Commission seeking the exercise of its jurisdiction. In fact, it concedes the contrary to be true.

■ As stated in the memorandum of decision on the motion to dismiss the original complaint, for the court to fly in the face of Congressional intent and by-pass the informed judgment of the Federal Power Commission on administrative matters assigned to it would violate the fundamental concept of primary jurisdiction and the orderly procedures derived from the exhaustion of administrative remedies.

Since the decision on the motion to dismiss the original complaint, a question has arisen in my mind concerning the attitude the Supreme Court might adopt regarding the grounds upon which the dismissal was granted. The problem stems from the recent case of Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U. S. 246, 71 S.Ct. 692, 95 L.Ed 912. Although the facts are not similar the cases involve analogous regulatory systems, i. e., the Federal Power Act, 16 U.S.C.A. § 791a et seq., and the Natural Gas Act, 15 U.S.C.A. § 717 et seq.

In the Montana case the trial court denied a motion to dismiss, D.C., 73 F.Supp. 149, took evidence to determine the reason-

ableness of rates and awarded damages. The Court of Appeals reversed the trial court, 8 Cir., 181 F.2d 19 on the ground that the court lacked jurisdiction of the subject matter of the action because of plaintiff's failure to exhaust its administrative remedies.[1] The Supreme Court affirmed the reversal but held that it should have been reversed for failure to state a claim upon which relief could be granted, rather than for lack of jurisdiction. The Court uses the term, "cause of action". I am not unmindful that "cause of action" is a term of imperceptibly different meanings according to the circumstances in which it is used, but I am satisfied that in this instance it was intended as synonymous with "claim upon which relief can be granted" as the latter expression is used in the Federal Rules of Civil Procedure, 28 U.S.C.A. I read the opinion as holding that where "the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has". 341 U.S. at page 249, 71 S.Ct. at page 694. It follows that the court has jurisdiction, but "since the case involves only issues which a federal court cannot decide", 341 U.S. at page 255, 71 S. Ct. at page 697, there is no claim upon which relief can be granted by a federal court and "it must decline the case forthrightly", 341 U.S. at page 255, 71 S.Ct. at page 697, by dismissal on that ground.

In the case at bar, the plaintiff asserts claims under federal statutes, i. e. the Leasing Act, 30 U.S.C.A. § 181 et seq., the Natural Gas Act and the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. To determine whether the claims are well founded, this court must take jurisdiction but, "since the case involves only issues which a federal court cannot decide" because the Federal Power Commission has primary jurisdiction and the plaintiff has not exhausted its administrative remedies, there is no claim upon which relief can be granted by this court, and "it must decline the case forthrightly" by dismissal on that ground.

[1]. The Court of Appeals followed a series of cases (cited in the opinion) holding that the doctrine of primary administrative jurisdiction and exhaustion of administrative remedies goes to the jurisdiction of the trial court.