**INTERSTATE NATURAL GAS CO.**
**v.**
**SOUTHERN CALIFORNIA GAS**
**CO. et al.**
**No. 13373.**

United States Court of Appeals
Ninth Circuit.
Dec. 29, 1953.

382

Guthrie, Darling & Shattuck, Milo V. Olson, Los Angeles, Cal., for appellant.

T. J. Reynolds, L. T. Rice, Los Angeles, Cal., for appellee Southern California Gas Co.

Milford Springer, Los Angeles, Cal., for appellee Southern Counties Gas Co.

Pillsbury, Madison & Sutro, Turner H. McBaine, Thomas E. Haven, Byron E. Kabot, San Francisco, Cal., for appellees Southern California Gas Co. and Southern Counties Gas Co.

Before STEPHENS, ORR and POPE, Circuit Judges.

ORR, Circuit Judge.

Appellant sued for damages in the District Court alleging a refusal by appellees to transport through its pipeline system natural gas belonging to appellant in violation of the Mineral Lands Leasing Act, 30 U.S.C.A. § 185, the Natural Gas Act, 15 U.S.C.A. § 717, and the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 and 2.

Appellees, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moved for dismissal of the action on the ground that, (1) the complaint failed to state a claim upon which relief could be granted, (2) because the court lacked jurisdiction over the subject matter of the action, and, (3) that there was a failure to join indispensable parties. The trial court granted the motion to dismiss on the ground that primary jurisdiction was in the Federal Power Commission and that appellant

had failed to exhaust its administrative remedies, D.C., 102 F.Supp. 685. Appellant filed an amended complaint which was also dismissed on the same ground, D.C., 103 F.Supp. 317. The pertinent allegations of the amended complaint are as follows:

Appellees own and operate a natural gas pipeline system constructed upon rights-of-way across government land under permits granted by the Secretary of Interior pursuant to provisions of the Leasing Act, 30 U.S.C.A. § 185; that said Act required appellees to operate its pipeline as a common carrier and appellees agreed in writing with the Secretary of Interior that its pipeline would be so operated; that appellees as a common carrier of natural gas were required to file rates with the Federal Power Commission and to transport gas for all shippers of natural gas at reasonable and nondiscriminatory rates; that from October 18, 1949, until October 25, 1950, appellant had natural gas which it desired to ship and sell in interstate commerce; that despite oral and written demands upon appellees to file such rates, appellees refused to do so, and, with the exception of El Paso Natural Gas Company, have at no time complied with the law. Further, it is alleged, that appellees justify their refusal to carry appellant's gas because of the provisions of a contract whereby Southern Counties Gas Company and Southern California Gas Company obligated themselves to purchase from El Paso Natural Gas Company 91% of the pipeline capacity; that said contract was entered into for the purpose of monopolizing and restraining trade in violation of the Sherman Anti-Trust Act; that as a result of the alleged unlawful agreement and the refusal to transport appellant's gas, appellant was prevented from selling gas in interstate commerce and damaged in a substantial sum; and it is alleged, that it would be a futile and useless act for appellant to attempt to invoke the aid of the Federal Power Commission because the failure to file a rate deprived the Commission of jurisdiction; that appellant made numerous "personal oral requests" of the Commission to require appellees to file rates as a common carrier, but was informed by officers of the Commission that it had no authority to require appellees to do so. It is also alleged that in another matter relating to the issuance of a certificate of convenience and necessity to El Paso Natural Gas Company and other pipeline companies, appellant filed a petition in intervention requesting that as a condition to the issuance of the certificate the pipeline companies be required to file with the Commission a common carrier tariff; that the Commission refused to impose such a condition; and, in addition, it is alleged that appellees are estopped from claiming that appellant failed to exhaust its administrative remedies by their failure to do that which the law and their agreement with the Secretary of the Interior already required them to do.

Assuming, without deciding, that appellees were required to operate their pipeline system as a common carrier, we are of the opinion that the trial court correctly held that appellant was required to first seek relief from the Federal Power Commission before bringing an action in the District Court.

The principle of primary administrative jurisdiction is well established by a long line of cases following Texas & Pacific R. Co. v. Abilene Cotton Oil Co., 1907, 204 U.S. 426, 27 S.Ct. 350, 51 L. Ed. 553. That doctrine has been applied consistently in cases arising under the Natural Gas Act and where, as here, the acts complained of are alleged to violate the anti-trust laws. Michigan Consol. Gas Co. v. Panhandle Eastern Pipeline Co., 6 Cir., 1949, 173 F.2d 784; Keogh v. Chicago & N. W. R. Co., 1922, 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183; Terminal Warehouse Co. v. Pennsylvania R. Co., 1936, 297 U.S. 500, 56 S.Ct. 546, 80 L.Ed. 827. Appellant concedes that it would be necessary to first resort to the Commission before bringing an action in the District Court if a rate had been filed, but argues that in the instant case there was no administrative ques-

tion for the Commission to determine because appellees refused to file a rate for the transportation of gas through their pipelines. To this contention we have two answers.

■■ First, we think that appellees did in fact have the required schedule of rates on file with the Commission. A motion to dismiss pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. admits all well pleaded facts, but does not admit facts which the court will judicially notice as not being true nor facts which are revealed to be unfounded by documents included in the pleadings or introduced in support of the motion. Nev.-Cal. Electrical Securities Co. v. Imperial Irr. District, 9 Cir., 1936, 85 F.2d 886, certiorari denied 300 U.S. 662, 57 S.Ct. 493, 81 L.Ed. 871; Cohen v. United States, 8 Cir., 1942, 129 F.2d 733; Boice v. Boice, D.C.N.J.1943, 48 F.Supp. 183, affirmed 3 Cir., 135 F.2d 919. The amended complaint refers to the contract which appellees made for the carrying of gas through their pipeline. Certified copies of the contracts on file with the Commission were introduced in support of the motion to dismiss. These contracts, having the approval of the Commission, disclose the rates and terms upon which transportation of gas through appellee's pipeline is made. We think the approval of the terms of the contract by the Commission placed appellees in compliance with the requirements of Section 4 of the Natural Gas Act, 15 U.S.C.A. § 717c(c). This is especially so in view of the fact that 91% of the capacity of the pipeline was to be utilized under the contract provisions. The statute does not exact that the "schedules showing all rates" shall be in any particular form but expressly states that it shall be in such form as the Commission may designate. In considering whether a natural gas company with but two large contracts had a schedule of rates on file, the Court of Appeals for the Eighth Circuit held that the company's contracts with its customers on file with the Commission were schedules within the meaning of the Natural Gas Act. Mississippi River Fuel Co. v. Federal Power Commission, 8 Cir., 1941, 121 F.2d 159.

■■ Finding as we do that a rate was on file with the Commission, if appellant thought it unfair, unreasonable, discriminatory or otherwise unlawful, it should have first complained to the Commission. United States Navigation Co. v. Cunard S. S. Co., 1932, 284 U.S. 474, 52 S.Ct. 247, 76 L.Ed. 408; Far East Conference v. United States, 1952, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576. Whether or not appellant can recover damages depends upon the solution of important issues of fact whose determination is by statute committed to an administrative body. As noted in the trial court's well-considered opinion, D.C., 102 F.Supp. 685, it is for the Commission and not for the Court to determine whether public convenience and necessity required appellees to transport any of appellant's gas; if so, how much and at what rates; and what facilities or services should be abandoned to accommodate appellant. Courts will not grant relief until the administrative body has had an opportunity to pass upon the practice complained of. Texas & Pacific R. Co. v. Abilene Cotton Oil Co., 1907, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553; Midland Valley R. Co. v. Barkley, 1928, 276 U.S. 482, 48 S.Ct. 342, 72 L.Ed. 664.

■■ Second, the filing of a schedule of rates was not necessary to invest the Commission with jurisdiction over the subject matter of the controversy. A natural gas company cannot avoid the primary jurisdiction of the Commission by the simple expedient of refusing to file the schedule of rates required by Section 4 of the Natural Gas Act, 15 U.S.C.A. § 717c(c). If there be a failure to file a rate, the Commission, as in the case of other violations of the Act, is fully empowered by §§ 717m(a), 717d(a) and 717s, 15 U.S.C.A., to afford relief upon its own motion or upon complaint. The same arguments advanced here by appellant were made and rejected by the Supreme Court in United States Navigation Co. v. Cunard S. S. Co., 1932, 284

U.S. 474, 486, 52 S.Ct. 247, 76 L.Ed. 408. It was there held that a failure to file contracts between shippers in accord with § 15 of the Shipping Act, 46 U.S.C.A. § 814, did not deprive the Shipping Board of primary jurisdiction. The logic of that opinion was reaffirmed in Far East Conf. v. United States, 1952, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576, and is decisive here.

■ The statement in the amended complaint that appellant made personal and oral requests of the Commission to require appellees to file a tariff does not allege proper procedure. The rules of the Commission require that complaints be in writing. Other allegations that appellant attempted to intervene in a collateral proceeding involving other parties are wholly irrelevant in the instant case.

■ Appellant's alleged cause of action based on the refusal of appellee to transport its gas is, in effect, a collateral attack upon an order of the Commission. Appellant's real grievance concerns the contract made by appellees for carrying gas through their pipeline. We may take judicial notice of records and reports of administrative bodies. Greeson v. Imperial Irr. Dist., 9 Cir., 1932, 59 F.2d 529; Fletcher v. Jones, D.C. Cir.1939, 105 F.2d 58, certiorari denied 308 U.S. 555, 60 S.Ct. 116, 84 L.Ed. 467. In doing so we observe that the construction of the pipeline here involved was based upon a thirty-year contract whereby appellees obligated themselves to carry not only a minimum load factor of 91% of the pipeline's capacity, but for its entire use if necessary. In re El Paso Natural Gas Co., 1946, 5 Federal Power Commission Reports 115. The Commission, after a public hearing, issued a certificate of public convenience and necessity authorizing the construction and operation of the pipeline upon the terms of which appellant complains. Appellees are bound to conform to the provisions of that contract unless relieved by the Commission. 15 U.S.C.A. § 717c(d). They could not carry appellant's gas without violating their contract and the certificate of public convenience and necessity.[1] The combination and conspiracy in restraint of trade, alleged in the amended complaint, is no more than criticism of appellees for conforming with the contract on file and approved by the Commission. Appellant cannot, by means of this suit for damages, indirectly annul the action taken by the Commission. Edward Chappell Co. v. Chesapeake & O. R. Co., D.C.N.Y. 1952, 110 F.Supp. 46, affirmed 2 Cir., 1953, 202 F.2d 149; Watab Paper Company v. Northern Pacific R. Co., 8 Cir., 1946, 154 F.2d 436.

■ We are asked, in the event we hold that the suit should await exhaustion of administrative remedies, to order the trial court to reinstate the action and to hold it in abeyance until such time as appellant has done so. In answer we think a statement contained in Far East Conf. v. United States, 1952, 342 U.S. 570, 577, 72 S.Ct. 492, 495, 96 L.Ed. 576, is appropriate:

"We believe that no purpose will here be served to hold the present action in abeyance in the District Court while the proceeding before the Board and subsequent judicial review or enforcement of its order are being pursued. A similar suit is easily initiated later, if appropriate. Business-like procedure counsels that the Government's [appellant's] complaint should now be dismissed, as was the complaint in United States Navigation Co. v. Cunard Steamship Co., supra."

Judgment affirmed.

---

1. Pipelines have a limited capacity and the Natural Gas Act forbids a natural gas company from abandoning any part of its facilities or services without permission from the Commission. 15 U.S.C.A. § 717f(b).