**William Robert HUTCHISON and Lula Elizabeth Hutchison, Appellants,**

**v.**

**PAN AMERICAN PETROLEUM CORPORATION, Appellee.**

**No. 9406.**

United States Court of Appeals
Tenth Circuit.

Jan. 22, 1968.

C. D. Curtis, Fairview, Okl. (Edward C. Montgomery, Fairview, Okl., with him on the brief), for appellants.

Coleman Hayes, Oklahoma City, Okl., for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge*, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellants filed suit in the United States District Court for the Western District of Oklahoma to set aside certain drilling and spacing orders issued by the Oklahoma Corporation Commission. The defendant, Pan American Petroleum Corporation, filed a motion to dismiss which was granted by the trial court, and the appellants have taken this appeal.

Appellants, residents of Oklahoma, are owners of undivided mineral interests in oil and gas property in Major County, Oklahoma. Pan American is the oil and gas lessee of this interest of appellants. The Oklahoma Corporation Commission by order established drilling and spacing units for the production of gas and gas condensate from a producing formation underlying a large area in Major County. Pan American applied to the Corporation

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

Commission to extend the area covered by this order to include appellants' mineral interest. Notice of the hearing on Pan American's application, in accordance with Oklahoma law, was published in newspapers in Oklahoma City and in Major County. Appellants however did not have actual notice of the hearing on the spacing order application, and were not made parties thereto. The application was granted by the commission and the interest of appellants included in the order.

█ Thereafter appellants filed with the commission an application to amend the spacing order to exempt or exclude their mineral interests. Such an application was contemplated by the Oklahoma statutes and commission rules. This application was denied and although Oklahoma law permits an appeal from an order of the Corporation Commission to the Oklahoma Supreme Court, the appellants took no such appeal.

Appellants here challenge under the due process clause of the fourteenth amendment of the United States Constitution the validity of the Corporation Commission order extending the spacing rules to include their mineral interest. The commission's subsequent refusal to hear appellants' late petition to exclude their land from the order is not here raised as an issue by appellants. Appellants contend the original order deprives them of property without due process of law because they were not given actual notice of the hearing on Pan American's petition. Jurisdiction of the District Court was based on the federal question under 28 U.S.C. § 1331.

Appellants assert that the provisions for notice under the applicable statutes of Oklahoma only provide for notice by publication, and therefore do not provide adequate notice to all interested persons. The authority of the Corporation Commission under the police power to establish drilling and spacing orders to conserve a public resource is not here challenged. The appellants here ask this court, as they did the trial court, to declare void a state administrative agency order issued in pursuance of the police power because actual notice was not given to them.

The state of Oklahoma has created administrative and judicial procedure for the regulation of oil and gas production in furtherance of its conservation policy. This provides for the publication of notice, rules as to parties, hearings, rehearings, and appeals to the courts. Appellants testified they did not subscribe to the newspapers where the notice was published under the commission rules. It appears that one publication ran in a paper published in the county where the land was located, but appellants did not live in that county and instead lived in one nearby. The other publication was in a newspaper in Oklahoma City some distance away. The record shows that appellants thereafter sought administrative relief from the commission. They raised no issue of notice in this application, but instead sought an amendment of the order entered. The appellants thus sought no relief before the commission other than that based on its prior order. Relief was denied after the administrative proceedings, but appellants sought no state judicial review. From all that appears in the record the appellants can still seek relief from the prior order by filing an application for spacing with the commission. Chenoweth v. Pan American Petroleum Corp., 314 F.2d 63 (10th Cir.); Interstate Natural Gas Co. v. Southern California Gas Co., 209 F.2d 380 (9th Cir.); Far East Conference v. United States, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576.

█ Appellants thus still have state remedies available to them which they have not utilized. Chenoweth v. Pan American Petroleum Corp., supra. Appellants rely on Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, but the real problem here does not lie in the matter there treated, but instead in appellants' failure to seek administrative relief, and their recognition of the order to which they now object.

Affirmed.