NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50094 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 8:18-cr-00171-JVS-1 |
| ANTONIO VILLEGAS-SERRANO, AKA Antonio Villegas, AKA Juan Villegas-Cerrano, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 22, 2021[**]
Pasadena, California

Before:  CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District
Judge.

Defendant-Appellant Antonio Villegas-Serrano (Villegas) was indicted

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

under 8 U.S.C. § 1326(a) for being an alien unlawfully found in the United States. He appeals the district court's order denying his motion to dismiss his indictment, arguing that his underlying immigration removal proceeding was "fundamentally unfair" because the Immigration Judge (IJ) undermined his right to counsel, failed to explain voluntary departure, and relied on false evidence. Additionally, he argues for the first time on appeal that the immigration court lacked jurisdiction because his Notice to Appear (NTA) was deficient.

To collaterally attack an underlying removal order for violation of due process, an alien must demonstrate that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *United States v. Gomez,* 757 F.3d 885, 892 (9th Cir. 2014). An "order is 'fundamentally unfair' if: (1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Melendez-Castro*, 671 F.3d 950, 953 (9th Cir. 2012) (quoting *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)).

We "review[] de novo a 'denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on an alleged deprivation of due process

2

in the underlying removal proceedings.'" *United States v. Garcia-Gonzalez*, 791 F.3d 1175, 1179 (9th Cir. 2015) (quoting *United States v. Valdavinos-Torres*, 704 F.3d 679, 685 (9th Cir. 2012)). We review the district court's factual findings for clear error. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      ***Right to Counsel.*** Due process provides a right to counsel, and a waiver of that right must be "knowing and voluntary." *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 756 (9th Cir. 2015). Villegas was advised of his right to counsel and provided with a list of no-cost attorneys more than two months before his hearing. At his hearing, none of the IJ's statements regarding the cost of counsel or "notarios" indicated that obtaining counsel would be "futile." *See id.* at 757. Finally, the record does not indicate that either the IJ's questions or Villegas's responses regarding waiver of the right to counsel were ambiguous. Therefore, we conclude that Villegas's waiver was knowing and voluntary, and the IJ did not violate Villegas's due process right to counsel.

2.      ***Voluntary Departure.*** We also conclude that the IJ did not violate due process in rejecting Villegas's express request for voluntary departure. The IJ did not fail to inform Villegas of his eligibility for discretionary relief—Villegas's request for voluntary departure proves that he was aware of this form of relief. And the IJ considered factors relevant to Villegas's voluntary departure request, including his family, criminal, and immigration history. *See Hussain v. Rosen*, 985

3

F.3d 634, 642–43 (9th Cir. 2021). Moreover, there is no indication that Villegas was unfairly prejudiced by the agency's decision because he has not shown "plausible, rather than merely possible or conceivable" grounds on which the agency would have granted him relief. *United States v. Valdez-Novoa*, 780 F.3d 906, 919 (9th Cir. 2015). He did not submit any evidence of additional positive factors that the IJ could have concluded outweighed the negative factors in his history—for example his employment history or testimony from his spouse—had the IJ further developed the record. *See id.* at 921.

3.     *False Evidence.* Villegas argues the government's misstatement that he was sentenced to 300 days for corporal injury on a spouse or cohabitant rendered his removal proceedings fundamentally unfair. The district court did not err in rejecting this argument. Looking at Villegas's immigration history, lack of strong family ties in the United States, and recent conviction for a violent crime against his spouse, it is not "plausible" that the IJ would have granted discretionary relief even if he had known Villegas had been sentenced to 163 days instead of 300 days. *Id.*

4.     *Jurisdiction.* An NTA that fails to include the location of the court where it will be filed "does not deprive the immigration court of jurisdiction," and a defect in the NTA may be remedied by "providing the alien and the government with the complete notice at a later time." *Aguilar Fermin v. Barr*, 958 F.3d 887,

4

895 (9th Cir. 2020), *cert. denied* 141 S. Ct. 664 (2020). Because jurisdiction vested with the immigration court when Villegas's NTA was filed and any defect in the initial NTA was remedied by subsequent notice,[1] we reject his jurisdictional argument.

**AFFIRMED.**

---

[1]We grant the government's pending motion for judicial notice (Dkt. No 31). That a Notice of Hearing was issued while Villegas was in ICE custody that included the necessary hearing information is not "subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); s*ee also Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (noting "courts routinely take judicial notice of . . . 'records and reports of administrative bodies'" (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas. Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). There is also no reasonable dispute that Villegas received proper notice of his hearing where he remained in ICE custody from the date he was served with the initial NTA through the date of his later scheduled hearing with the IJ, at which he appeared. Indeed, Villegas does not challenge on appeal whether he ultimately received notice of his hearing's location. Thus, even if his initial NTA failed to include the location of the court where it would be filed, that omission was remedied when Villegas was "provided with that notice [of the hearing location] and appeared for h[is] scheduled hearings." *Aguilar Fermin*, 958 F.3d at 895.