INTERSTATE COMMERCE COMMISSION, Plaintiff,

v.

B & T TRANSPORTATION CO. and Bos-Taun Consolidating Co., Inc., Defendants.

Civ. A. No. 78–1189–C.

United States District Court,
D. Massachusetts.

March 26, 1979.

John F. Curley, Counsel, I. C. C., Boston, Mass., for plaintiff.

Carl K. King, Goldstein & Manello, Boston, Mass., for defendants.

## OPINION

CAFFREY, Chief Judge.

This is an action brought by the Interstate Commerce Commission (ICC) to obtain an injunction against the defendants B & T Transportation Co. (B & T) and Bos-Taun Consolidating Co., Inc. (Bos-Taun). The action was brought pursuant to 49 U.S.C.A. §§ 304(a)(6)[1] and 322(b) and under this Court's general equity powers.

ICC alleges that defendants are owned, controlled and managed in common, acting as a single transportation enterprise. ICC further alleges that defendants performed and charged for consolidating services without there being a tariff on file by the certificated interstate motor carrier, namely, B & T, reflecting the rate or charge for such services. ICC contends that such acts and practices violate 49 U.S.C.A. §§ 316(b), (d) and 317(b) and hence are subject to be enjoined and restrained by this Court under 49 U.S.C.A. § 322(b)(1). In seeking injunctive relief, ICC states in its complaint filed May 30, 1978 that defendants will continue to commit other and further violations unless enjoined and restrained. ICC also seeks recovery of charges for consolidation services made in excess of rates specified in the applicable tariffs of B & T.

The matter is now before the Court on defendants' motion to dismiss. As grounds for their motion, defendants contend the complaint fails to state a claim upon which relief can be granted; this Court lacks jurisdiction over Bos-Taun, a local consolidator, not engaged in interstate commerce; and ICC lacks standing to recover overcharges. At oral argument, defendant B & T further contended that ICC's complaint for injunctive relief is mooted by B & T's cessation as of December 31, 1978 of interstate transportation services and by the pending sale of its authority as a motor carrier. For reasons which will become clear, only the mootness and standing issues will be considered here. Defendant B & T has filed affidavits in support of its motion to dismiss. Accordingly, I will treat this motion as one for summary judgment. Fed.R. Civ.P. 12(b)(6), 56.

Turning first to B & T's mootness contention, I note that voluntary cessation of allegedly illegal conduct does not deprive this Court of jurisdiction since a controversy may remain to be settled, however, the case may be found to be moot if the defendant can demonstrate that "there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). Confronted with the well-settled rule that for purposes of a motion to dismiss allegations in a complaint are to be taken as true, the defendant must therefore show that B & T and Bos-Taun are no longer acting together in a single transportation enterprise in violation of 49 U.S.C.A. §§ 316(b), (d) and 317(b). *United States v. W. T. Grant, supra.*

The affidavit of Albert P. Sagansky, Vice President of B & T, states the following: That on November 20, 1978, B & T and one Perkins Trucking Co., Inc. (Perkins), filed an application with the ICC for the approval by the ICC of the sale of the majority of B & T operating rights as a motor carrier and other rights and assets to Perkins; on December 18, 1978, the ICC advised B & T and Perkins that it had granted Perkins authority for temporary operation; an agreement is now being drafted for the proposed sale; and B & T is presently seeking a purchaser for its remaining authority as a motor carrier. The ICC has not filed any counter affidavits and at oral argument merely stated it will press the issue of

---

**1.** 49 U.S.C.A. § 304(a)(6) authorizes the ICC to "administer, execute, and enforce all provisions of this chapter, to make all necessary orders in connection therewith, and to prescribe rules, regulations, and procedures for such administration . . . ." This section does not bear on the question now before the Court.

whether there is a sale or not. Such a claim does little to militate against defendant B & T's affidavit. On the uncontroverted facts of defendant's affidavit, there is no reasonable expectation that the allegedly illegal conduct will recur.

The ICC's right to bring an action is limited by 49 U.S.C.A. § 322(b)(1), which provides in pertinent part:

> If any motor carrier . . . operates in violation of any provision of this chapter . . . , the Commission . . . may apply for the enforcement thereof to the district court of the United States . . . . . Such Court shall have jurisdiction to enforce obedience . . . by a writ of injunction . . . restraining . . . from further violation . . .

It is clear that § 322(b)(1) confers authority upon the ICC to seek an order for future compliance. Having found there is no significant threat of future violations, I accordingly rule that injunctive relief pursuant to 49 U.S.C.A. § 322(b)(1) is unwarranted and should not be granted.

█ Turning next to the standing issue, a review of the statutory scheme involved in this action is necessary to a determination of whether the ICC has standing to recover damages for alleged violation of 49 U.S.C.A. §§ 316(b), (d) and 317(b). I conclude that the statute authorizes the ICC to determine whether there has been a violation of the statute and to seek injunctive relief against prospective violations but the statute does not confer upon the ICC the right to sue for recovery of damages.

49 U.S.C.A. § 304a(2), the applicable remedy section, provides in pertinent part:

> For recovery of reparations, action at law shall be begun against common carriers by motor vehicle subject to this chapter within two years from the time the cause of action accrues . . . and for recovery of overcharges, action at law shall be begun against common carriers by motor vehicle subject to this part within three years from the time the cause of action accrues . . . . .

Reparations are defined as "damages resulting from charges for transportation services to the extent that the Commission, upon complaint made as provided in section 316(e) of this title, finds them to have been unjust and unreasonable [in violation of 49 U.S.C.A. § 316(b) and (d)]." 49 U.S.C.A. § 304a(5). Overcharges are "deemed to mean charges for transportation services in excess of those applicable thereto under the tariffs lawfully on file with the Commission [in violation of 49 U.S.C.A. § 317(b)]." 49 U.S.C.A. § 304a(6).

A search of the law reveals that actions brought under 49 U.S.C.A. § 304a(2) always involve a dispute between the carrier and the injured party, namely, the shipper. *See, e. g., United States v. Associated Transport, Inc.,* 164 U.S.App.D.C. 259, 505 F.2d 366 (1974). (U.S. as shipper seeking restitution); *Middlewest Motor Freight Bureau v. United States,* 433 F.2d 212 (8th Cir. 1970) (U.S. as shipper and other intervening shippers seeking restitution); *National Motor Freight Traffic Ass'n v. United States,* 268 F.Supp. 90 (D.C.D.1970) (carriers sought nullification of ICC action in establishing an informal procedure for restoration to shippers of past charges). In such actions, a suit is brought either after a determination by the ICC of a violation of the statute or prior to such a determination, in which case there is reference to the ICC for a determination, after which the suit is decided by the Court in accordance with that determination. In any case, it is the carrier and shipper litigating the claimed violation of the statute.

In the instant case, the ICC has alleged violation of 49 U.S.C.A. §§ 316(b), (d) and 317(b). 49 U.S.C.A. § 304a(5) clearly provides that the ICC has primary jurisdiction to determine whether a rate has been unjust and unreasonable. *Middlewest Motor Freight Bureau v. United States, supra,* at 232–34. Consequently, this Court is without jurisdiction to determine the reasonableness of defendants' rates within the meaning of 49 U.S.C.A. § 316(b), (d).

█ 49 U.S.C.A. § 304a(6) does not require a prior determination by the ICC that

rates charged are in excess of those filed on the applicable tariff in violation of 49 U.S. C.A. § 317(b). However, the instant question of whether the defendants performed as a single transportation enterprise, so that Bos-Taun's consolidating services were transportation services within the meaning of 49 U.S.C.A. § 317(b), appears to raise factual questions requiring both expert consideration and consistency of resolution as part of a uniform transportation policy. *See Locust Cartage Co. v. Transamerican Freight Lines, Inc.,* 430 F.2d 334, 339–40 (1st Cir. 1970). Accordingly, I rule that whether there has been a violation of 49 U.S.C.A. § 317(b) in the present case falls within the primary jurisdiction of the ICC and this Court is without jurisdiction to determine that issue.

There appears to be no authority for this Court to retain jurisdiction over an action brought by the ICC for recovery of reparation and overcharges. Rather, I construe the statute as permitting the ICC to make a determination of violation either upon a complaint by a shipper or on its own initiative. I construe 49 U.S.C.A. § 304a(2) as authorizing, after such a determination, the injured party but not the ICC to bring an action seeking recovery of damages using the ICC's prior determination as the predicate for that action.

The legislative history supports this construction of the statute. In adopting the 1965 amendment to 49 U.S.C.A. § 304a, Congress intended to provide additional remedies to persons, including the United States as shipper, injured as a result of a carrier's violation of the statute. H.R.Rep. No.253, 89 Cong., 1st Sess., *reprinted in* [1965] U.S.Code Cong. & Admin.News, p. 2923. The legislative history is void of any intent to confer standing upon the ICC, *parens patreae,* to seek damages for the benefit of the injured person. Accordingly, the Court is unwilling to construe the statute as authorizing an action at law by the ICC for recovery of charges made by a common carrier in violation of the statute.

Order accordingly.