INTERSTATE COMMERCE
COMMISSION, Plaintiff,

v.

J. B. MONTGOMERY, INC.,
Defendants, et al.

Civ. A. No. 79–C–1393.

United States District Court,
D. Colorado.

Jan. 29, 1980.

Gary O. Roberts, I.C.C., San Francisco, Cal., William C. Danks, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Jeffrey A. Knoll, Commerce City, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

The Interstate Commerce Commission ("ICC") has filed this action seeking injunctive and restitutionary relief for alleged duplicate billing and overcharges by the defendants. This matter is now before the Court on the defendants' motion to dismiss, which raises several purported grounds for dismissal.

### I. *Failure to State a Claim.*

■ The defendants first contend that the ICC has failed to specify the acts of the defendants which are alleged to have been in violation of 49 U.S.C. § 10761(a), upon which the "Third Cause of Action" is based.[1] The defendants' stated concern is that "Appendix A" to the Complaint, a working ledger from J. B. Montgomery, Inc., is insufficient to establish the overcharges alleged, and thus somehow renders the Complaint insufficient because it is attached thereto.

This is plainly an evidentiary argument which cannot be decided on a motion to dismiss. The Complaint adequately states the violations alleged, and does not depend, as a matter of law, on any attachments. This applies as well to the defendants' argument regarding "Appendix B," "Accounting Series Circular 156."

### II. *Lack of ICC Standing to Seek Restitution.*

■ The defendants next argue that the ICC's attempt in this case to recover restitution on behalf of shippers for past duplicate billing or overcharges, in addition to prospective injunctive relief, is not authorized by the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.* It has been held by the United States Court of Appeals for the First Circuit that the ICC *does* have the power it asserts in this case. *Interstate Commerce Commission v. B & T Transportation Company,* 613 F.2d 1182 (1st Cir. 1980).[2] This Court considers the reasoning of the First Circuit to be persuasive, and has found no authority to the contrary. Accordingly, the ICC will be permitted to pursue restitutionary relief in this case. *See also Porter v. Warner Co.,* 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946).

### III. *Statute of Limitations.*

■ The defendants next contend that even if the ICC does have the authority to pursue restitutionary relief on behalf of shippers in this case, the provisions of 49 U.S.C. § 11706(b) limit the period for which those amounts may be recovered to the three years preceding the date the Complaint was filed. Section 11706(b) states: "A person must begin a civil action to recover overcharges under section 11075(b)(1) of this title within three years after the claim accrues." By its terms, this provision applies only to actions filed by shippers to recover under § 11705(b)(1). As indicated in *Interstate Commerce Commission v. B & T Transportation Company, supra,* the au-

---

1. Section 10761(a) provides in part that a "carrier may not charge or receive a different compensation for that transportation or service than the rate specified in the tariff . . . ."

2. This decision reversed the ruling of the District Court in *Interstate Commerce Commission v. B & T Transportation Company,* 467 F.Supp. 987 (D.Mass.1979), upon which the defendants' counsel relied in the motion to dismiss.

thority upon which the ICC seeks restitutionary relief is not the same as the statutory authority granted to shippers in § 11705(b)(1). Therefore the limitations period imposed by § 11706(b) is equally inapplicable. As argued by the ICC, to the extent that this is an action in equity seeking to enforce a federal right, "the federal doctrine of laches controls in the absence of a federal statute of limitations." 2 *Moore's Federal Practice* (2d Ed.1979) ¶ 3.07[3], at 3–77.

### IV. *Primary Jurisdiction.*

Finally, the defendants argue that the case should be remanded to the ICC for agency proceedings on the issues of whether the defendants' practices were unreasonable or discriminatory, or both, since those are matters within the primary jurisdiction of the ICC.

 As a general rule the doctrine of primary jurisdiction does not apply when the agency which is alleged to have primary jurisdiction is a plaintiff before the Court:

"Ordinarily, the doctrine of primary jurisdiction attaches in instances where the case is taken into the courts without any direct involvement of the administrative agency. It has been suggested by one commentator that, in cases where the appropriate administrative body is before the court, the doctrine should not apply since [the] principal function of the rule, acquainting the court with the agency's position concerning the matter, has been satisfied. Davis, Administrative Law Treaties, Volume 3 § 19.02, p. 14, note 41 (1951). 'Therefore the doctrine does not apply when the agency itself is plaintiff.' *C.A.B. v. Aeromatic Travel Corp.,* 489 F.2d 251 (2d Cir. 1974). In the present case, the Commission has considered what action it should follow and [is] determined to pursue a judicial rather than administrative procedure."

*Interstate Commerce Commission v. All-American, Inc.,* 505 F.2d 1360, 1362–63 (7th Cir. 1974).

Moreover, in this case the primary issue is not the reasonableness of the rates as filed with the ICC, but whether the defendants have been operating in violation of those rates. While the former question clearly does involve the expertise of the ICC, the latter does not.

"[T]his doctrine is not applicable where the issue, regardless of its complexity, is not the reasonableness of the rate or rule, but a violation of such rate or rule. Thus it has been continuously asserted that the courts have original jurisdiction to interpret tariffs, rules, and practices where the issue is one of violation, rather than reasonableness."

*Civil Aeronautics Board v. Modern Air Transport,* 179 F.2d 622, 624 (2nd Cir. 1950), *quoted in Interstate Commerce Commission v. All-American, Inc., supra,* at 1363. *Accord, Interstate Commerce Commission v. B & T Transportation Company, supra.*

On the basis of the foregoing, the defendants' motion to dismiss is DENIED.