In re RFI TRANSPORT, INC., Debtor.

Kay CLEMENTS, Trustee for the Bankruptcy Estate of RFI Transport, Inc., Plaintiff/Appellee,

v.

SRB TECH TRANSPORT, Defendant/Appellant.

Civ. A. No. 89 S 954, 89 S 1069.

United States District Court, D. Colorado.

Dec. 6, 1990.

David Oppenheim, Englewood, Colo., for plaintiff/appellee.

Robert Gallagher, Northampton, Mass., for defendant/appellant.

## ORDER

SPARR, District Judge.

The issue in this bankruptcy appeal is a pointed one: in light of the recent Supreme Court ruling in *Maislin Industries, U.S., Inc., et al. v. Primary Steel, Inc.,* —— U.S. ——, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990), may the District Court, acting in an appeal from the Bankruptcy Court, order that an issue concerning the reasonableness of a rate charged by a carrier, refer that issue to the Interstate Commerce Commission?

### The Parties

The parties to this bankruptcy appeal are: the appellant(s),[1] SRB Tech Transport, a company which contracted with R.F.I. Transport, Inc. (the debtor) to ship its freight; and appellee, trustee for the bankruptcy estate of R.F.I. The trustee seeks to collect the difference between the rate which SRB and R.F.I. negotiated (and which SRB paid in full) and the rate which R.F.I. as carrier was required to file with the Interstate Commerce Commission (ICC).

### Issues on Appeal

Appellant SRB appeals Judge Mai's decision which ordered SRB to pay the underpayment to the trustee of the bankruptcy estate.

The sole issue on appeal stems from Judge Mai's ruling ordering SRB to pay underpayment to the trustee: was Judge Mai's denial of SRB's motion to refer the rate issue to the ICC (i.e., whether the rate R.F.I. charged was reasonable) improper?[2]

### The Standard of Review

Appellee contends that the bankruptcy court's decision to not refer the rate issue[3] to the ICC was within the bankruptcy court's sound discretion. Accordingly, appellee urges this court that no abuse of discretion can be shown by the bankruptcy court's action. Appellant concedes that there has been no abuse of discretion. This Court will not examine the issue in terms of whether the Bankruptcy Court's denial was an abuse of discretion.

Appellant conversely urges this court to inquire into the appropriateness of the legal standards applied by the bankruptcy court, to wit: was the court itself capable of determining the reasonableness of the rate by holding that the difference between the negotiated rate and the filed rate was payable to the carrier's trustee?

Bankruptcy Rule 8013 provides:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

1. There were originally two separate appeals filed from the Bankruptcy Court: the first filed by SRB Tech Transport (89 S 954) and the second, by Tech Transport (89 S 1969). The cases were subsequently consolidated. The parties and issues are identical. Apparently, the filing of two separate appeals was necessitated by a clerical error in the freight bill underlying 89 S 1069. For these reasons, "appellant" will be used instead of "appellants."

2. In its opening brief, appellant identifies another issue in this appeal: whether the trustee's practice of pursuing the collection of underpayments is an unreasonable practice. This question will not be considered in this order, as the sole issue concerns referral of the reasonableness of rate question to the ICC. It is not disputed that the reasonableness of the practice is a proper question for the court, and not the ICC.

3. Other issues were raised by defendant/appellant in its effort to seek ICC review which are not considered here. In light of the *Maislin* decision, which specifically prohibited the ICC from considering questions involving the reasonableness of a practice and weighing any equities of a particular relationship between shipper and carrier, the appellant's request to refer the issue of whether the carrier's (R.F.I.) practice was reasonable will not be considered. At the hearing, appellant's counsel conceded that it was not appropriate to request referral on this issue.

There is no factual question in dispute in this appeal. It concerns legal questions only. The "clearly erroneous" standard applies only to factual determinations. Where the question presented is solely one of law, no presumption of correctness applies. *In re Silver*, 46 B.R. 772 (D.Colo.1985). On appeal, the district court may review such legal determinations by the bankruptcy court *de novo*. *In re Sierra Steel Corp.*, 88 B.R. 314 (D.Colo.1987).

Accordingly, the court will consider the appropriateness of the bankruptcy court's denial of SRB's motion to refer issues to the ICC in light of the clearly erroneous standard.

### 1. SRB's Motion to Refer Issues to the ICC.

In the bankruptcy proceeding, Judge Mai denied this motion. In this appeal, SRB has also filed a renewed motion to refer issues and controversies to the ICC for determination and to further stay proceedings pending a decision by the ICC. The appellant later filed an opening brief, the primary thrust of which seeks the same relief as the renewed motion to refer issues. The appellant seeks relief from the bankruptcy court's order requiring payment of the undercharge. It seeks resolution by the ICC of the issue of whether the rate is reasonable.

Although the parties may agree on the salient issue of this appeal, they by no means are in accord as to how the question should be analyzed (*i.e.*, in procedural terms).

### 2. Does the Issue Before This Court Involve the Violation of a Rate or the Determination of Whether a Rate Is Reasonable?

Appellee contends it would be improper to refer the rate issue to the ICC because the alleged unreasonable practice involves the violation of a filed rate (not the reasonableness of the rate itself) over which the courts (and not the ICC) have exclusive jurisdiction to determine and apply the proper charge. Appellee relies on *ICC v. J.B. Montgomery, Inc., et al.*, 483

F.Supp. 279 (D.Colo.1980), for the proposition that there is no primary jurisdiction of the ICC in the matters which appellant has raised in this action. The court finds the *Montgomery* case to be uninstructive in these circumstances. That case was a suit instituted by the ICC to recover restitution for shippers which had received duplicate billing by the carrier. The clear issue properly before that court concerned the practice of duplicate billing, not whether such billing was a reasonable rate.

Appellee also asserts that there are no grounds for referral of the issue because appellant has not alleged sufficient facts to invoke the primary jurisdiction of the ICC. Appellant contends the charge of unreasonableness arising from the unfairness of having to pay the filed rate is insufficient to invoke primary jurisdiction for ICC referral. *Supreme Beef Processors, Inc. v. Yaquinto*, 864 F.2d 388 (5th Cir.1989). This argument does little to shed light on whether the central issue of the dispute involves the reasonableness of a rate or a violation of a rate.

Appellant has established, in its briefs, cited authority and affidavit submitted by Stephen R. Barry, that the reasonableness of rate question is a genuine issue, and not merely one fabricated by artful pleading. Appellant has outlined particular issues which relate exclusively to the reasonableness of rate issue, arising from statements made by Mr. Barry in his affidavit and also from a comparison of rates of other carriers.

It is apparent that appellant is challenging the reasonableness of the rate, as the rate itself (in considering the undercharge sought) is due. There is no apparent allegation that appellant has alleged that the undercharge sought is in violation of the rate.

This initial characterization brings the court to a second level of analysis in considering the propriety of referring the matter to the ICC.

### 3. Does the Doctrine of Primary Jurisdiction Necessitate Referral to the ICC?[4]

■ Because the matter of primary jurisdiction is determinative of whether this court (or possibly the bankruptcy court at the time) has the competence to resolve the rate issue or if the ICC shall determine the reasonableness of the rate, this court holds that the appropriateness standard is not whether the bankruptcy judge abused his discretion[5] in denying the referral to the ICC, but rather whether the bankruptcy judge applied the appropriate legal standards in his action.

■ The appellant argues that the doctrine of primary jurisdiction dictates the referral of the matter of reasonableness of rate.[6] Primary jurisdiction is appropriate where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956) citing *General American Tank Car Corp. v. El Dorado Terminal Co.*, 308 U.S. 422, 60 S.Ct. 325, 84 L.Ed. 361 (1940). An important distinction made by the *Western Pacific* Court was that between legal and technical questions:

> Where the question is simply one of construction, the courts may pass on it as an issue "solely of law." But where words in a tariff are used in a particular or technical sense, and where extrinsic evidence is necessary to determine their meaning or proper application, so that

the inquiry is essentially one of fact and of discretion in technical matters, then the issue of tariff application must first go to the commission.

*Western Pacific*, 352 U.S. at 65–66, 77 S.Ct. at 165–66. The appellant here challenges the reasonableness of the rate, based on its allegation that the filed rate is unreasonable in light of the reasonableness of the negotiated rate, and a comparison of the rate against those charged by other carriers. Inquiry by this court into the reasonableness of the rate would be improper as such a determination necessarily involves considering a variety of technical matters which, ultimately, raise issues of transportation policy which are properly resolved by the ICC.

■ This Court finds that the issue raised by the appellant is a legitimately posed question which properly falls within the purview of the ICC's primary jurisdiction. Because this Court determines that uniformity and consistency in the regulation of business entrusted to a particular agency are involved in this issue, primary jurisdiction properly lies with the ICC. See *Far East Conference v. United States*, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952). See also *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976).

With regard to the appellee's assertion that no referral to the ICC on the issue of whether the rate was reasonable is necessary because the filed rate as the "legal" rate is presumptively a lawful (and consequently reasonable) rate, the Court points to the distinction drawn in *Arizona Grocery Co. v. Atchison, T. & S.F.R. Co.*, 284 U.S. 370, 52 S.Ct. 183, 76 L.Ed. 348 (1932).

4. Although the appellee alleges in its response brief that the bankruptcy court has already determined the issue of primary jurisdiction, to any extent which that court may have ruled on the issue, the district court in review of the appeal, may consider this legal question *de novo*.

5. At hearing on this appeal, the appellee conceded that any "discretion" which the bankruptcy judge may have exercised here would have been nullified by the legal conclusion that the rate here at issue (reasonableness of the filed rate) are presumptively legal. However, this

conclusion is misleading in light of the Supreme Court's holding in *Arizona Grocery Co. v. Atchison, T. & S.F.R. Co.*, 284 U.S. 370, 52 S.Ct. 183, 76 L.Ed. 348 (1932), that a legal rate does not equal lawful rate.

6. This question is the only issue before this court. To reiterate, the reasonableness of the practice is not sought to be referred to the ICC. Appellant has retracted that request in light of the recent United States Supreme Court ruling in *Maislin*.

That case articulated an important consideration within the filed rate doctrine: the legal rate was not made by the statute the lawful rate—it was lawful only if it was reasonable. Under the Act the shipper was bound to pay the legal rate; but if he could show that it was unreasonable he might recover reparation. 284 U.S. at 384–385, 52 S.Ct. at 184.

Accordingly, since the Court has determined (1) that this dispute concerns the reasonableness of a rate; and (2) that the doctrine of primary jurisdiction is appropriately exercised by referring to the ICC matters concerning the determination of the reasonableness of a rate; it follows that (3) because the filed rate doctrine contains the important qualification that a lawful rate must be determined reasonable, the issue here is properly and necessarily referable to the ICC for determination of the reasonableness of the rate.

### *The Recent Decision of the Supreme Court in Maislin*

This Court takes specific note of the *Maislin* decision as it bears both directly and indirectly on the issues before this Court: directly in that the reference to the ICC for reasonableness of rate determination is still proper; and indirectly to the extent that the appellant may not raise the issue of whether the practice was a reasonable one.

### CONCLUSION

Based on the foregoing discussion, the Court now grants the appeal of appellant SRB Tech Transport. The Court holds that the initial question of whether this appeal involves the determination of reasonableness of the rate (and not the violation of a rate) must be answered in the affirmative. Based on the doctrine of primary jurisdiction, the question of whether the rate charged was a reasonable one is properly determined by the ICC.

It is therefore ORDERED

the Bankruptcy Court's order denying referral of the matter to the ICC is REVERSED. This action is REMANDED to the Bankruptcy Court with directions to refer the question concerning the reasonableness of the filed rate to the ICC.

